**Bobby Marion DIXON, Plaintiff–Appellant,**

v.

**Eddie YLST, et al., Defendants–Appellees.**

No. 91–15603.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 16, 1992.*

Decided April 1, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Bobby Marion Dixon, in pro per.

Ismael A. Castro, Deputy Atty. Gen., Sacramento, CA, for defendants-appellees.

Before: NORRIS, BEEZER and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

Appellant Dixon, a state prisoner, sued under 42 U.S.C. § 1983, claiming that prison officials denied him adequate medical treatment in violation of his Eighth Amendment rights. The case went to trial. The magistrate judge granted defendants' motion for a directed verdict. Dixon appeals, claiming that: (1) he was entitled to have an Article III judge, not a magistrate judge, try his case; (2) he was denied the right to call witnesses at his trial; and (3) the physical restraints applied to him during trial recesses interfered with his preparation. We affirm.

## I. Jurisdiction over the Appeal.

When Dixon consented to trial before a magistrate judge, he also consented to have any appeal heard by the district court. *See* 28 U.S.C. § 636(c)(4). Although his notice of appeal specified that he was appealing to the district court, his appeal was referred to this court, briefed, and calendared for argument without objection. Since the consent to district court appeal "does not create a permanent and nonwaivable jurisdictional bar to appeal to this court," we have jurisdiction which we may, and in this case do, exercise in the absence of objection. *Ridings v. Lane County, Or.*, 862 F.2d 231, 233 (9th Cir.1988).

## II. Trial by the Magistrate Judge.

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). This right can be waived, allowing parties to consent to trial

**480**

before a magistrate judge.[1] *Id.* at 542; 28 U.S.C. § 636(c)(1). Dixon consented in writing to conduct all proceedings before the magistrate judge. Pursuant to his consent, the district court referred the case to the magistrate judge for all further proceedings. Dixon subsequently wrote in an "Answer to Order Requiring Status Report" filed in 1990 that "plaintiff is choosing not to consent to the United States Magistrat[e] handling the case for trial." Dixon did not file a motion for leave to withdraw his consent, nor did he provide any reasons for the withdrawal. On the day of trial, Dixon orally requested that a district judge hear the case. The magistrate judge denied his request.

Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(6); Fed.R.Civ.P. 73(b); *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir.1984). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. *See Carter v. Sea–Land Servs.*, 816 F.2d 1018, 1020 (5th Cir.1987); *Fellman*, 735 F.2d at 58.

Dixon made no motion to vacate the reference to the magistrate judge for "extraordinary circumstances," and the court did not sua sponte find "good cause" to vacate the reference. *See* 28 U.S.C. § 636(c)(6). The magistrate judge was therefore correct in proceeding with the trial of Dixon's case.

### III. Right to Call Witnesses.

Dixon claims the district court denied his right to call witnesses in support of his claim. Dixon wanted to call twenty-one witnesses at trial, but was unable to give the magistrate judge a good reason. He eventually agreed with the magistrate judge's suggestion that only two witnesses, Dr. Shepard and Dr. Poulos, were neces-

sary. Dr. Shepard testified at the trial, but Dr. Poulos was unavailable because of his medical condition. The magistrate judge discussed with Dixon the possibility of calling Dr. Johnson, but Dixon had not subpoenaed Dr. Johnson or Dr. Poulos or deposited the required witness fees and expenses. The magistrate judge told Dixon that the court could not pay to compensate the witness, and that Dr. Johnson's report would have to do. The magistrate judge correctly ruled that 28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses. *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir.1989).

### IV. Physical Restraint During Recesses.

Dixon claims that the magistrate judge denied his "right to prepare his case" by refusing his request to have his hands unshackled during court recesses. Dixon was allowed access to his legal materials during recesses, and acknowledged to the magistrate judge that he could read his materials even with his hands shackled. The only prejudice he asserted was his inability to "go way over there and find a page real quick" and to "move stuff around and different things." The magistrate judge asked the guards about alternative arrangements, and they expressed concern about their ability to control Dixon if he did not cooperate in being shackled again. The magistrate judge did not abuse his discretion.

**AFFIRMED.**

---

**1.** The title was changed from "magistrate" to "magistrate judge." Act Dec. 1, 1990, Pub.L. 101–650, Title III, § 321, 104 Stat. 5117.