95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond C. STOKES, Plaintiff-Appellant,
v.
Ernest Bob JORDAN, Defendant-Appellee.
 No. 95-36255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Stokes is an inmate in the Washington State prison system. He brought a § 1983 action against corrections officer Ernest Jordan, alleging that Jordan retaliated against him for suing other corrections officers. Stokes appeals the district court's summary judgment for Jordan. We affirm.
 
 
 3
 I. Consent to Proceed Before a Magistrate Judge
 
 
 4
 Stokes contends that although he consented to proceed before a magistrate judge, he should have been permitted to withdraw his consent when Magistrate Judge Hovis was replaced by Magistrate Judge Suko. The consent form specifies that Stokes agreed to proceed before "a full-time United States Magistrate Judge." (emphasis added). "Once a civil case is referred to a magistrate under [28 U.S.C. § 636(c) ] the reference can be withdrawn by the court only 'for good cause shown on its own motion or under extraordinary circumstances shown by any party.' " Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir.1993). Stokes has not suggested that there were any "extraordinary circumstances" that would suggest that Magistrate Judge Suko was incapable of deciding this case.
 
 II. Discovery
 
 5
 Stokes contends that the district court erred in deciding Jordan's motion for summary judgment without giving him a chance to depose Jordan. We review discovery rulings for an abuse of discretion. Brown Bay Software v. Symantec Corp., 960 F.2d 1465, 1469 (9th Cir.1992). Stokes filed a motion for summary judgment without having deposed Jordan, prompting Magistrate Judge Hovis to note "the considerable passage of time since the deposition was to have occurred" and to conclude that "plaintiff is willing to proceed ... without the benefit of a deposition of defendant Jordan." Magistrate Judge Suko denied Stokes's request for more time to depose Jordan. Citing Magistrate Judge Hovis's ruling, he explained that Stokes had been informed that the deposition matter had been decided and could have requested reconsideration at a "much earlier date." The district court did not abuse its discretion.
 
 
 6
 Stokes also contends that the district court erred in not granting him access to alleged witnesses so he could obtain affidavits. Magistrate Judge Hovis had told Stokes to identify potential witnesses. Initially, Stokes identified only "John Doe" witnesses. Next, he identified inmates by last name only, some of whom did not even exist. And finally, he identified two cellmates, neither of whom were on the second list. Magistrate Judge Suko found it "difficult to believe that plaintiff could have forgotten the names of his cellmates." In denying Stoke's request, the district court did not abuse its discretion.
 
 III. Retaliation
 
 7
 Stokes contends that the district court erred in granting summary judgment on his First Amendment retaliation claim. To overcome Jordan's motion, Stokes had to present probative evidence that retaliation, and not the preservation of order and discipline, motivated Jordan's conduct. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (prisoner must allege "that the retaliatory action does not advance legitimate penological goals"). We agree with the district court's conclusion that Stokes's allegations are insufficient. Stokes alleges that Jordan removed a box of legal materials from his cell, but does not dispute that he had more than one box of materials in violation of prison regulations. He alleges that Jordan delayed his entrance into the law library, but concedes that the delay was only for "several moments." He alleges that Jordan subjected him to a single visual strip search, but does not dispute that he was outside his cell when it occurred. He alleges that Jordan subjected him to an "overly physical" pat search, but fails to describe the abuse or identify an injury. He alleges that Jordan filed a spurious disciplinary charge, but does not explain why the charge was baseless. And finally, he alleges that Jordan deliberately slammed his cell door on him, but does not dispute "that Jordan promptly hit the release button," that there was no objective evidence of an injury, or that the disciplinary hearing officer found that Stokes was deliberately blocking the door. ER 18-22. A reasonable jury could not conclude that Jordan's motive was retaliation. Conducting periodic searches, controlling the movement of inmates, and attempting to enforce prison regulations advance the legitimate security interests of the prison.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3