Zeke LAYMAN, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee,

Department of Treasury; Internal
Revenue Service, Defendants.

No. 01–15394.
D.C. No. CV–99–05239–SMS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge,
TROTT, and PAEZ, Circuit Judges.

MEMORANDUM ***

Zeke Layman appeals pro se the district court's order denying his Fed.R.Civ.P. 60(b) motion for relief from the district court's summary judgment in favor of defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion an order denying a Fed. R.Civ.P. 60(b) motion, *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir.1997), and we affirm.

We lack jurisdiction to address Layman's contentions regarding the merits of the district court's original entry of judgment because Layman both failed to file a notice of appeal within 30 days of the entry of final judgment and failed to file a timely post-judgment tolling motion. *See* Fed. R.App. P. 4.

Contrary to Layman's contention, the magistrate judge did not act without jurisdiction. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993). In addition, Layman received a reasonable and meaningful opportunity to challenge defendant's motion for summary judgment. *See* Fed.R.Civ.P. 56(c); *cf. Baria v. Reno*, 94 F.3d 1335, 1341 (9th Cir.1996).

Because Layman failed to demonstrate any basis for relief from judgment, the district court did not abuse its discretion by denying his Rule 60(b) motion. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir.1993).

Layman's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Layman's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.