Chaslav C. RADOVICH,
Plaintiff–Appellant,

v.

SECRETARY OF THE U.S. DEPART-
MENT OF THE TREASURY, De-
fendant–Appellee.

No. 03–15830.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 13, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Stanley G. Hilton, Esq., San Francisco, CA, for Plaintiff–Appellant.

Steven J. Saltiel, Esq., San Francisco, CA, for Defendant–Appellee.

Before: CUDAHY,[**] GRABER and FISHER, Circuit Judges.

## MEMORANDUM [***]

Chaslav C. Radovich, a Montenegrin-born immigrant, was fired from his position at the Internal Revenue Service ("IRS") after 11 years of service. Rado-vich sued for national origin discrimination under 42 U.S.C. § 2000e and discrimination and retaliation under the Rehabilitation Act, 29 U.S.C. § 791. The district court granted the Secretary's summary judgment motion on Radovich's national origin discrimination claim, and a unanimous jury found for the Secretary under the Rehabilitation Act. Radovich appeals on numerous grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Radovich failed to establish a prima facie case of national origin discrimination because he did not show that he was qualified for his position or that similarly situated employees outside his protected class were treated more favorably. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir.2000). The evidence showed that Radovich was rude to taxpayers and threatened and frightened his coworkers; the evidence did not show any employee who was treated more favorably than Radovich under similar circumstances.

■ As evidence of discriminatory animus, Radovich points to written statements made by a union steward at the IRS. Comments made by individuals who are not decision-makers and do not influence the decision-making process do not constitute direct evidence of discriminatory animus and are not, by themselves, sufficient to establish a prima facie case of discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring). The steward was not a decision-maker, and she was not involved in the decision to fire Radovich. Christopher Wagner, the ultimate decision-maker, ac-

---

[**] The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 363.

knowledged that the statement was in Radovich's employee file. But he testified that he found her statement irrelevant and did not consider it in determining whether to remove Radovich. Radovich did not proffer any evidence to impeach Wagner's testimony. Thus, the evidence was not sufficient to create a triable issue, and the district court did not err in granting summary judgment as to Radovich's national origin discrimination claim.

Because the district court properly dismissed Radovich's national origin discrimination claim, it did not err in finding that the evidence offered by Radovich in support of this claim, including portions of the steward's written statement, was irrelevant and should be excluded under Fed. R.Evid. 403.

■ The district court, applying the factors as set forth in *Johnson v. United States Treasury Department*, 27 F.3d 415, 416–17 (9th Cir.1994) (per curiam), found that Radovich failed to demonstrate his claim had "some merit," and therefore denied his motion for the appointment of counsel pursuant to 42 U.S.C. § 2000e–5(f)(1). This determination was not an abuse of discretion.

■ The district court denied Radovich's motion to exclude security officers from the courtroom. There is no evidence that Radovich was prejudiced by their presence. Thus, the district court did not abuse its discretion by allowing the officers in the courtroom.

■ The district court did not err in denying Radovich's motion to recuse the magistrate judge. A federal judge shall disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." *Yagman v. Baden*, 796 F.2d 1165, 1179 (9th Cir.1986) (internal quotation marks omitted). Radovich's claims of bias are wholly unsupported by the record.

■ Radovich also claims that he did not knowingly consent to a magistrate judge's jurisdiction when he commenced the action. The right to adjudication before an Article III judge is an important constitutional right. *United States v. Neville*, 985 F.2d 992, 999 (9th Cir.1993). This right can be waived, however, allowing parties to consent to trial before a magistrate judge. *Dixon v. Ylst*, 990 F.2d 478, 479–80 (9th Cir.1993); 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under § 636(c), the reference can be vacated by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4). When the magistrate judge denied Radovich's request to withdraw consent, he weighed various appropriate factors and found that Radovich's consent was knowing and voluntary. This was not an abuse of discretion.

■ The district court did not abuse its discretion when it precluded Radovich's treating psychiatrist from testifying as an expert because Radovich failed to make the appropriate disclosures under Fed. R.Civ.P. 26(a) and offered no justification for this failure. The district court still allowed the psychiatrist to testify as Radovich's treating physician regarding facts within his personal knowledge, including his patient's condition during his treatment, any diagnoses and prognoses reached at that time and the bases for these conclusions.

■ The district court did not err in allowing the use of Jack Priddy's videotaped deposition and Pearlie Hampton's sworn testimony from Radovich's administrative hearing. Radovich had an opportunity to cross examine Priddy but chose not to attend the deposition. Radovich did cross examine Hampton at his administrative hearing, and excerpts from that cross

examination were read to the jury. In addition, both of the witnesses were unavailable within the meaning of Fed. R.Evid. 804(a)(5).

The district court excluded a letter to Radovich from the Social Security Administration ("SSA"). The letter was not relevant and it posed substantial danger of misleading the jury because the SSA uses a standard of disability different from that contained in the Rehabilitation Act. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 801–03, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). The district court's decision to exclude the SSA letter after weighing its probative and prejudicial value was not an abuse of discretion.

The district court did not err in excluding Radovich's employee statement regarding his medical condition and his removal from the IRS. It found that the statement constituted hearsay and that Radovich could testify to the relevant matters himself. This determination was well within the district court's discretion.

Finally, the district court did not err in denying Radovich's request to excuse a juror. The trial judge who observes the demeanor and credibility of the jurors is best suited to determine a juror's suitability. *Image Technical Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220–21 (9th Cir.1997). At the judge's discretion, a juror's initial bias may be found irrelevant if the juror commits to lay it aside and reach a verdict based on the evidence presented and the court's instructions. *Id.* After expressing some initial bias, the juror assured the district court that he could judge the parties fairly.

The judgment of the district court is AFFIRMED.