**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTOS RENE FLORES,

              Plaintiff - Appellant,

  v.

SUMAYA; et al.,

              Defendants - Appellees.

No. 11-16758

D.C. No. 1:07-cv-00853-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted September 10, 2012[***]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Santos Rene Flores appeals pro se from the

magistrate judge's order denying his request for review by an Article III judge of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the magistrate judge's prior order dismissing Flores's 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We review de novo whether the magistrate judge had jurisdiction over Flores, *Irwin v. Mascott*, 370 F.3d 924, 929 (9th Cir. 2004), and we affirm.

Contrary to Flores's contention, the magistrate judge did not act without jurisdiction because both parties consented in writing to the magistrate judge's jurisdiction. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). To the extent that Flores challenges the denial of his request to withdraw consent to proceed before the magistrate judge, the challenge fails because he did not show "extraordinary circumstances." 28 U.S.C. § 636(c)(4); *Dixon*, 990 F.2d at 480 (explaining that a party in a civil action may withdraw its consent to proceed before a magistrate judge only by showing extraordinary circumstances).

We do not address the issues Flores raises with regard to the magistrate judge's underlying order dismissing his action for failure to exhaust as the court previously ordered that the scope of Flores's appeal was limited to review of the June 13, 2011 order denying his motion for reconsideration.

**AFFIRMED.**