NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE DOUGLAS MERKLEY, | No. 16-35527 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00463-CWD |
| v. | |
| STATE OF IDAHO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding**

Submitted March 8, 2017***

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Idaho state prisoner Wayne Douglas Merkley appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional and statutory claims.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      Merkley consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Merkley's action because Merkley failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in denying Merkley's motion for reconsideration because Merkley did not demonstrate grounds for reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883, 890 (9th Cir. 2000) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59).

The district court did not err in denying Merkley's motion to rescind his consent to proceed before a magistrate judge because Merkley did not demonstrate good cause or extraordinary circumstances. *See Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003) (standard of review); *Dixon v. Ylst*, 990 F.2d 478, 479-80 (9th Cir. 1993) (consent to proceed before a magistrate judge in a civil case may only be withdrawn for good cause or extraordinary circumstances).

All pending requests are denied.

**AFFIRMED.**

16-35527