NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO J. CALDERON-LOPEZ, AKA Ricardo Jose Calderon Lopez, | Nos. 16-17353 17-15240 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:16-cv-02732-LB |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| RICARDO J. CALDERON-LOPEZ, | No. 17-16152 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:16-cv-07236-LB |
| TIGRAN GUMUSHYAN; et al., | |
| Defendants-Appellees. | |

Appeals from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding**

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

Submitted December 27, 2018[*]

Before: PAEZ, BERZON, and R. NELSON, Circuit Judges.

Ricardo J. Calderon-Lopez, a.k.a. Ricardo Jose Calderon Lopez, appeals pro se from the district court's judgments, in two consolidated cases and a related case, dismissing for lack of subject matter jurisdiction his challenge to the Commissioner of Social Security's termination of his disability insurance benefits and his torts-based and constitutional claims against individual employees of the Social Security Administration ("SSA"). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Calderon-Lopez's consolidated action challenging the Commissioner of Social Security's termination of Calderon-Lopez's disability insurance benefits. Calderon-Lopez failed to attend his hearing before the Administrative Law Judge ("ALJ") and thus failed to exhaust his administrative remedies. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (explaining the Social Security Act only grants the court jurisdiction to review final decisions of the Commissioner); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 901-02 (9th Cir. 2001) (holding the claimant failed to exhaust administrative remedies by refusing to attend the ALJ hearing). We reject what we understand to be Calderon-Lopez's contentions that

---

[***] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

exhaustion of remedies was futile because of the ALJ's alleged bias. However, our decision today does not limit Calderon-Lopez's opportunity to reapply for disability benefits or to petition the agency for reopening, *see, e.g.*, Commissioner of Social Security's Hearings, Appeals, and Litigation Manual (HALLEX) I-2-9-40 (2017), https://www.ssa.gov/OP_Home/hallex/I-02/I-2-9-40.html.

That district court did not abuse its discretion in issuing various scheduling orders. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (setting forth standard of review).

In Calderon-Lopez's separate action against individual SSA employees, the district court also properly dismissed for lack of subject matter jurisdiction. Again, the Social Security Act only grants federal courts jurisdiction to review final decisions of the Commissioner. *Klemm*, 543 F.3d at 1144 (citing 42 U.S.C. § 405(g)). Moreover, the Federal Tort Claims Act does not grant jurisdiction as to individual defendants in cases arising under the Social Security Act. *Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 529-30 (9th Cir. 1988) (citing 42 U.S.C. § 405(h)).

The district court properly denied Calderon-Lopez's request to withdraw his consent to proceed before a magistrate judge. A party may only withdraw such consent for good cause or extraordinary circumstances. *See Dixon v. Ylst*, 990 F.2d 478, 479-80 (9th Cir. 1993). Contrary to Calderon-Lopez's implication, the appeal

of a related case constitutes neither good cause nor an extraordinary circumstance.

Calderon-Lopez asserts that, as a result of the consolidation of his two other cases, the district court had no jurisdiction over his suit against individual SSA employees at the time that it granted the Commissioner's motion to dismiss. There is no legal basis for this argument. A district court retains jurisdiction over an action until it issues a final decision. *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997).

The district court did not abuse its discretion when it denied Calderon-Lopez's motion for leave to file a motion for reconsideration. Calderon-Lopez did not present an argument for reconsideration in accordance with the Northern District of California's Civil Local Rules, Civil L.R. 7-9(c).

Calderon-Lopez filed a number of motions regarding the consolidated cases, case nos. 16-17353 and 17-15240. His "Motion for leave to File an Amended Complaint," Dkt. No. 34, "Motion for Summary Judgment," Dkt. No. 47, request for judicial notice, Dkt. No. 40, motion to vacate an unrelated state court order, Dkt. No. 58, and motion to consider whether another case filed by Calderon-Lopez should be related to this one, Dkt. No. 59, are denied. Calderon-Lopez's "Motion of Opposition to Adm. Orders [49, 50]; Petitioning Waiver of Oral Argument-Expediting Reinstatement of Benefits," Dkt. No. 52, is denied in part and granted in part. We grant Calderon-Lopez's motion to submit the case on the briefs, but

4

otherwise deny the motion. Pending motions identified or construed as motions to expedite, Dkt. Nos. 35, 37, 38, 39, and 45, are granted.

Calderon-Lopez has also filed two pending motions in the related case, case no. 17-16152. His motion for sanctions, Dkt. No. 20, is denied. We construe Calderon-Lopez's filing identified as "Informative Motion," Dkt No. 26, as a letter pursuant to Federal Rule of Appellate Procedure 28(j), which requires no response from this court.

**AFFIRMED.**