NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID VIENS, | No. 17-55286 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-08593-FFM |
| v. | |
| STUART SHERMAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Submitted August 14, 2019[**]
Pasadena, California

Before: CALLAHAN, CHRISTEN, and R. NELSON, Circuit Judges.

California state prisoner David Viens appeals the district court's denial of

his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for second

degree murder after the petition was referred to and denied by a magistrate judge.

Viens argues that he did not unambiguously consent to the magistrate judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction, and even if he did, a subsequent Election Regarding Consent to Proceed Before a United States Magistrate Judge ("Election Regarding Consent") form attached to another filing served to rescind his consent. We have jurisdiction under 28 U.S.C. § 2253. We affirm the denial of Viens's petition.

1. We review de novo whether a magistrate judge had jurisdiction. *Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018). Pursuant to 28 U.S.C. § 636(c)(1), a magistrate judge can conduct all proceedings and enter an order of judgment in a civil matter if all of the parties consent to the magistrate judge's jurisdiction. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). A plaintiff may consent to the jurisdiction by selecting the "consent box" on the court-provided Election Regarding Consent form. *Id*. at 1119. Here, Viens placed a bold "XX" in the "Yes" box, and a faint, barely visible single "X" in the "No" box. The selection in the "Yes" box is clear and distinct, while the selection in the "No" box suggests an attempt at some sort of erasure. We are satisfied that Viens voluntarily consented to the exercise of the magistrate judge's jurisdiction. *Id.*

Once parties have consented to magistrate judge jurisdiction, the reference to the magistrate judge can only be withdrawn "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." § 636(c)(4); Fed. R. Civ. P. 73(b)(3). Viens did not file a motion to withdraw consent or present any extraordinary circumstances that would warrant such a withdrawal.

2

The fact that Viens later attached a second Election Regarding Consent form, with the "No" box checked, to an unrelated filing does not change the analysis. "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).

2. In addition to the certified claim, Viens raises an uncertified claim. When a habeas petitioner seeks to initiate an appeal, he must obtain a certificate of appealability ("COA") under 28 U.S.C. § 2253(c). *See Slack v. McDaniel*, 529 U.S. 473, 478, 480–81 (2000). A petitioner must make "a substantial showing of the denial of a constitutional right" in order to obtain a COA. 28 U.S.C. § 2253(c)(2). To do so, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (alteration in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Viens has made "a substantial showing of the denial of a constitutional right," we grant a COA.

Viens argues that his counsel provided ineffective assistance by failing to adequately present evidence of Viens's physical and mental condition at the time he gave statements to the police one week after surviving a suicide attempt of

jumping off a 60-foot cliff. At a March 1 interview at the hospital, Viens admitted to the police that he duct-taped his wife's hands, feet, and mouth, found her dead the next morning, and put her body in a garbage bag and into the dumpster behind his restaurant. The statements were repeated in even more depth at the March 15 interview. The district court denied a motion to suppress these statements and denied habeas relief for this ineffective assistance claim. The magistrate judge found that there is no reason to believe that any additional evidence would have altered the outcome. We agree. Viens confessed virtually the same facts to his daughter and confessed to his girlfriend that he killed his wife. Even if counsel's performance was deficient, Viens does not show that excluding the March interview statements would have "a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). We deny habeas relief on this claim.

**AFFIRMED.**