932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Allen DOWELL, Plaintiff-Appellant,
v.
C.V. BLACKBURN, Officer, D. Willey, Officer, S.W. Hollar,
Assistant Warden, Thomas Lanyi, Doctor, T. Stewart,
Adjustment Committee Chairman, Issac Moore, Food Service
Supervisor, B.F. Jenning, Food Service Supervisor, Staunton
Adjustment Committee, Wayne Rankin, Defendants-Appellees.
 No. 90-6618.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 14, 1991.
Decided May 13, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. B. Waugh Crigler, Magistrate Judge. (CA-89-251-R)
 James Allen Dowell, appellant pro se.
 Mark Ralph Davis, Office of the Attorney General, Edward Meade Macon, McGuire, Woods, Battle & Boothe, Richmond, Va., for appellees.
 W.D.Va.
 VACATED AND REMANDED.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Allen Dowell appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Dowell v. Blackburn, CA-89-251-R (W.D.Va. July 2, 1990). Although Dowell voluntarily consented to trial by a United States Magistrate Judge pursuant to 28 U.S.C. Sec. 636, he attempted to withdraw this consent in a motion filed shortly before the scheduled trial date. The magistrate judge denied the motion, finding that it was based only on Dowell's unhappiness with his prior rulings and that Dowell had, therefore, failed to show the requisite "good cause" to vacate a reference to a magistrate judge under Sec. 636(c)(6).
 
 
 2
 The Magistrate's Act, 28 U.S.C. Secs. 631 et seq., provides that "the court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate under this subsection." 28 U.S.C. Sec. 636(c)(6) (emphasis added). Although authority on this subject is sparse, we are persuaded by the reasoning of the courts of other circuits that only the district court may rule on a motion to vacate a reference to a magistrate judge. The Second Circuit has held that "[o]nce a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' " Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984) (emphasis supplied). The Ninth Circuit, in upholding the constitutionality of trial by a magistrate judge, implicitly recognized the exclusive jurisdiction of the district court to rule on motions to vacate a reference under section 636(c):
 
 
 3
 The power to cancel a reference, taken together with the retention by Article III judges of the power to designate magistrate positions and to select and remove individual magistrates, provides Article III courts with continuing, plenary responsibility for the administration of the judicial business of the United States.
 
 
 4
 Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 546 (9th Cir.) (en banc) (emphasis added), cert. denied, 469 U.S. 824 (1984). Also, the First Circuit has held that "all references of cases to [a magistrate judge] must be approved by Article III judges and the references may be revoked at any time." Goldstein v. Kelleher, 728 F.2d 32, 35 (1st Cir.), cert. denied, 469 U.S. 852 (1984). See also Ouimette v. Moran, 730 F.Supp. 473 (D.R.I.1990).
 
 
 5
 Because we find that the magistrate judge was without jurisdiction to rule on the motion to withdraw consent, we vacate the order and remand to the district court so that it may rule on the motion. If the district court finds that "extraordinary circumstances" justify the revocation of the reference to the magistrate judge, the case must be retried by the district court. However, if the motion is denied, the judgment of the magistrate judge finding for the defendants will stand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.