**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VAN A. PENA, | No. 10-15326 |
| Plaintiff - Appellant, | D.C. No. 4:00-cv-04009-CW |
| v. | |
| TIMOTHY MEEKER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted April 15, 2011
Pasadena, California

Before: REINHARDT and GOULD, Circuit Judges, and TIMLIN, Senior District
Judge.[**]

Pena alleges that he was terminated in retaliation for a February 2001 memo

in which he reported suspected mistreatment of a Sonoma Developmental Center

(SDC) patient to the defendant, SDC Medical Director Judith Bjorndal. "[W]hen

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert J. Timlin, Senior District Judge for the U.S.
District Court for Central California, sitting by designation.

public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). SDC Policy Section 400, "Abuse, Mistreatment or Neglect Prevention," requires any SDC staff having knowledge of patient mistreatment or neglect to "report the events in question to appropriate authorities." The reporting requirements direct staff members to report such incidents to their supervisors, or "[i]f a staff [member] is uncomfortable with reporting to his/her supervisor, a staff person may report through another channel, such as program director, program assistant, nursing coordinator, department head, SDC police, special investigator, quality assurance staff, or a facility administrator." Because Pena's reporting of mistreatment to an SDC superior thus fell squarely within his official duties as an SDC physician, he was not entitled to First Amendment protection for that action, and the district court's grant of summary judgment to Bjorndal on Pena's claims arising from the February 2001 memo is affirmed.

Pena further appeals the district court's grant of summary judgment to Bjorndal on his claim that he was fired in retaliation for a confidential complaint that he submitted to the California Department of Health Services (DHS) regarding

2

removal of patient photographs from files at SDC. As a result of Pena's DHS complaint, DHS issued a Statement of Deficiencies to SDC, requiring SDC Executive Director Timothy Meeker to implement a Plan of Correction modifying SDC policies for removal of patient photographs. Exactly one week after SDC implemented the Plan of Correction, Pena's habit of taking patient photographs was raised as a "big issue" at a meeting of senior SDC officials attended by both Bjorndal and Meeker, and later that day Bjorndal met with Pena and instructed him to cease taking such photos without patient consent. Additionally, Pena presented evidence in opposition to Bjorndal's motion for summary judgment indicating that he had a reputation among his superiors at SDC, including Meeker, as a repeat whistleblower whose complaints of patient mistreatment threatened to subject SDC to legal liability.

The district court granted summary judgment against Pena based upon its conclusion that Pena had failed to raise a genuine issue of material fact as to whether Bjorndal knew he was the individual responsible for the DHS complaint. However, "[a]s with all states of mind, knowledge must normally be proven by circumstantial evidence." *United States v. Jewell*, 532 F.2d 697, 708 (9th Cir. 1976) (Kennedy, J., dissenting). That SDC supervisory personnel viewed Pena as a troublesome whistleblower and that his taking of patient photographs was raised

at both an executive committee meeting and in a meeting between Bjorndal and Pena only one week after the SDC had been compelled by DHS to implement a Plan of Correction on the subject of patient photographs provides strong circumstantial evidence from which a reasonable factfinder could infer that SDC leadership, including Bjorndal, suspected Pena of having filed the DHS complaint and retaliated against him on that basis. Accordingly, the district court's grant of summary judgment to Bjorndal on this claim is reversed.

Because Pena's various retaliation claims relative to the exercise of his First Amendment rights were extremely closely related, the district court's erroneous grant of summary judgment regarding the DHS claim requires vacation of the jury verdict on those of Pena's retaliation claims that went to trial, so that the related claims can be heard jointly and the evidence evaluated in its totality. *See Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 774 (9th Cir. 1981) ("[A]lthough partial new trials are permitted, the device 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" (quoting *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931)).

Moreover, at trial the district court excluded SDC Police Chief Ed Contreras's testimony that Meeker and SDC Clinical Director Patty Rees ordered

4

him to "find dirt" on Pena because they were concerned that Pena's whistleblowing activities could subject the SDC to liability. Because a retaliation suit "requires a showing of an employer's improper motive and 'an employer's true motivations are particularly difficult to ascertain," *see Casumpang v. Int'l Longshoremen's and Warehousemen's Union, Local 142*, 269 F.3d 1042, 1059 (9th Cir. 2001), retaliation cases often turn upon circumstantial evidence. Here, the fact that SDC leaders, including Bjorndal's direct superior, desired Pena's termination so strongly that they were willing to engage the SDC Police Chief in a cloak-and-dagger investigation of Pena would allow a jury to infer that those leaders would have communicated that desire to Bjorndal. Because Contreras's evidence is highly probative and because any undue prejudice could be addressed through testimony by Bjorndal, Meeker, and Rees, the district court abused its discretion in excluding Contreras's testimony.

Pena further appeals the district court's refusal to provide the jury with his proposed response to a note it sent to the court during its deliberations. Because we vacate the verdict against Pena and remand for retrial for the reasons discussed above, we do not reach this issue on appeal.

Costs on appeal are awarded to the plaintiff.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**

5