**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS BRANCH, *Plaintiff-Appellant*, v. D. UMPHENOUR, Building 250 Officer, Avenal Prison; L. SZALAI, C/O; J. ALVAREZ, C/O, *Defendants-Appellees.* | No. 17-15369 D.C. No. 1:08-cv-01655-SAB OPINION |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Argued and Submitted June 13, 2019
San Francisco, California

Filed September 5, 2019

Before: Mary M. Schroeder and Milan D. Smith, Jr.,
Circuit Judges, and Jed S. Rakoff,[*] District Judge.

Opinion by Judge Rakoff

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

# SUMMARY[**]

## Prisoner Civil Rights

The panel vacated a magistrate judge's denial of plaintiff's motion to withdraw consent to magistrate judge jurisdiction, vacated screening orders entered by various magistrate judges, and remanded.

Plaintiff is a pro se prisoner who brought suit in 2008 alleging civil rights violations by prison officials. Shortly after filing his action, plaintiff consented to magistrate judge jurisdiction. Defendants declined to consent until more than seven years later, in 2015.

The panel first found no error in the magistrate's decision to adjudicate certain pending motions for reconsideration. The panel held that once all parties consented to the magistrate judge's jurisdiction, the magistrate judge was authorized to decide the pending motions. The panel held that although it was clear that plaintiff was entitled to seek district court review of the magistrate judge's decision before all parties accepted the magistrate judge's jurisdiction, it was equally clear that, after all parties consented, plaintiff had no right to return to the district court for further review.

The panel held that only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under section 636(c)(4). Therefore, the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

magistrate judge lacked jurisdiction to rule on plaintiff's motion to withdraw consent. The panel acknowledged that although other sister circuits had reached different conclusions, the panel found those decisions unpersuasive. In determining the proper remedy, the panel rejected plaintiff's contention that this was a structural error requiring automatic vacatur of the judgment. The panel held that because the injury to plaintiff was that he was denied review of his motion to withdraw by an Article III court, the proper remedy was to remand to the district court to consider the motion to withdraw consent in the first instance. On remand, if the district judge found, either based on good cause or extraordinary circumstances, that plaintiff ought to have been permitted to withdraw consent, then the district court would be required to vacate the judgment.

The panel further held that the magistrate judge who screened plaintiff's various complaints lacked jurisdiction to dismiss plaintiff's claims before the defendants had not yet consented to jurisdiction. The panel held that without consent, a magistrate judge is limited to submitting a report and recommendation on dispositive pretrial motions, including motions to dismiss for failure to state a claim. *See* 28 U.S.C. § 636(b)(1)(A), (B). The panel therefore vacated the screening orders entered by various magistrate judges that dismissed certain of plaintiff's claims and remanded for further proceedings on those claims.

---

## COUNSEL

Jeremy C. Keeney (argued) and Joshua S. Johnson, Vinson & Elkins LLP, Washington, D.C., for Plaintiff-Appellant.

Kevin A. Voth (argued), Deputy Attorney General; Neah Huynh, Supervising Deputy Attorney General; Monica N. Anderson, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, San Francisco, California; for Defendants-Appellees.

## OPINION

RAKOFF, District Judge:

Appellant Louis Branch, a prisoner in the California state prison system, brought this pro se suit alleging civil rights violations by various prison officials. After the conclusion of a bench trial before a magistrate judge, the jury returned a verdict in favor of defendants on all claims. Branch now appeals, arguing primarily that the magistrate judge exceeded his jurisdiction in adjudicating certain motions addressed to the district court assigned to the case. We agree, in part. Specifically, Branch's motion to vacate the referral to the magistrate judge was one that could only be decided by the district judge. We therefore remand with instructions for the district judge to consider that motion in the first instance. Additionally, the magistrate judges who screened Branch's complaint lacked jurisdiction to dismiss his claims. We therefore vacate the dismissal of those claims and remand for further proceedings.

## BACKGROUND

On July 7, 2008, Branch filed a pro se complaint alleging that several prison guards and officials had deliberately infringed his constitutional rights, in violation of 42 U.S.C. § 1983. Branch's complaint alleged that, while incarcerated at Avenal State Prison in June of 2004, he submitted a

declaration in support of another prisoner's complaint.[1] He was then "confronted" by Officer Daniel Umphenour, who said Branch would be "[d]ealt with" for submitting a "false declaration against an [o]fficer." Branch then submitted complaints to Warden Kathy Mendoza-Powers and Armando Mancinas, the prison's "Classification and Parole Representative." Thereafter, he was repeatedly transferred between prison facilities over a short period of time. After one such transfer, Branch was stabbed and beaten by fellow inmates. Branch claimed that Umphenour, as well as Officers Louis Szalai and Jose Alvarez, stood by and watched the beating without intervening or sounding the alarm. Subsequently, in August of 2004, he was transferred to Mule Creek State Prison. Branch claimed that Umphenour was the official responsible for inventorying his property and that, upon arrival at Mule Creek, his property was found to have been "sabotaged."

Branch's complaint asserted claims against Umphenour, Szalai, Alvarez, Mendoza-Powers, and Mancinas for (1) deliberate indifference to his wellbeing, in violation of the Eighth Amendment; (2) retaliation for Branch's support of another prisoner's complaint, in violation of the First Amendment; and (3) violation of Branch's "substantive Fourteenth Amendment right to personal safety." As an incarcerated plaintiff, Branch's complaint was subject to screening. *See* 28 U.S.C. § 1915A. He ultimately filed three amended complaints, each of which were screened by magistrate judges without district judge review. Branch's Fourteenth Amendment claim was dismissed as duplicative of his claims arising under the more specific First and Eighth Amendments. His claims against Mendoza-Powers and

---

[1] The facts herein are drawn from Branch's Third Amended Complaint, the pleading on which he proceeded to trial. Its allegations did not materially vary from earlier pleadings.

Mancinas were dismissed because none of the facts alleged supported an inference that either defendant acted out of retaliatory animus, nor that they were aware of any significant threat to Branch's safety. The deliberate indifference claims against Umphenour, Szalai, and Alvarez were all permitted to proceed based on the allegation that they failed to intervene as Branch was beaten. The magistrate judge also permitted the retaliation claim against Umphenour based on his failure to intervene, since retaliatory intent could be inferred from Umphenour's alleged statement that Branch would be "dealt with." The magistrate judge dismissed, however, the retaliation claim premised on Umphenour's "sabotage" of Branch's property, and dismissed all retaliation claims against Szalai and Alvarez, finding that the complaints failed to plead that either defendant knew of Branch's protected activity.

Shortly after this action was filed, the parties were notified that they could consent to the jurisdiction of a magistrate judge for all purposes, pursuant to Fed. R. Civ. P. 73(b)(1) and 28 U.S.C. § 636(c)(2). Branch consented in September of 2008. Defendants declined to consent.[2] The case remained assigned to a magistrate judge[3] for all pretrial purposes, under the supervision of the district judge, as

---

[2] It appears that the parties' responses to the clerk's notice were publicly docketed, in violation of Fed. R. Civ. P. 73(b)(1), which provides that "[a] district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral." While it does not affect the disposition of this appeal, we expect that the district court will adopt procedures to ensure that this error does not recur in the future.

[3] In fact, a succession of magistrate judges presided over Branch's case, but herein we refer to them collectively as "the magistrate judge" for the sake of simplicity.

provided by the Eastern District of California Local Rule 302.

On August 15, 2014, about two months following the close of discovery, defendants served, in connection with summary judgment briefing, two copies of previously-undisclosed chronology reports (or "Chronos") purportedly prepared by Szalai and Alvarez regarding the events of the day that Branch was attacked. The Chronos suggested that neither defendant was present for the attack. Branch moved to preclude the use of the documents, and in response defense counsel filed an affidavit claiming that the Chronos "were discovered in Branch's prison central file" the month they were disclosed. The trial court denied the motion to preclude, but permitted additional discovery related to the Chronos. As part of that discovery, Branch served an interrogatory stating: "On 09/16/2013, you were served with plaintiff's Summons and Complaint (Doc. 103), but you failed to inform your counsel, Mr. Kosla, of your 7-11-2004 General Chrono, why?" Defendants objected that the interrogatory sought information protected by the attorney-client privilege, and Branch moved to compel a response. The magistrate judge denied Branch's motion on the ground that neither party had filed the interrogatory or defendants' response to it. In fact, defendants had included a copy of both with their filed opposition papers.

On June 5, 2015, Branch filed a motion pursuant to Fed. R. Civ. P. 72(a) and Local Rule 303(c) "for reconsideration by the district court" on the ground that the magistrate judge's decision was "clearly erroneous and/or contrary to law." The district court entered an order on June 9 denying Branch's motion, but it referred to a different plaintiff and was apparently intended for docketing in another case.

Branch then filed another motion for reconsideration, pointing out the error.

While Branch's second motion for reconsideration was still pending, on November 3, 2015, defendants consented to the magistrate judge's jurisdiction for all purposes. The magistrate judge then decided both of Branch's motions for reconsideration, but treated them as arising under Fed. R. Civ. P. 60(b). Applying that standard, the magistrate judge held that Branch "failed to show any newly discovered evidence or that there has been a change in controlling law." The magistrate judge further concluded that the interrogatory "specifically sought details of communication between defense counsel and Defendants" and so the information was "clearly protected by the attorney-client privilege."

On March 28, 2016, Branch filed a motion, addressed to the district judge, to vacate his consent to the magistrate judge's jurisdiction. Branch contended that the various magistrate judges to issue decisions in his case had engaged in a "willful and chronic abuse of discretion," and specifically contended that the magistrate judges lacked jurisdiction to deny his motions for reconsideration by the district judge. The magistrate judge denied Branch's motion, concluding that his "disagreement with reasonable court rulings constitutes neither good cause nor extraordinary circumstance to allow him to withdraw consent." Branch then moved to vacate that order, arguing that only a district judge could adjudicate a motion to vacate consent. The magistrate judge denied that motion as well, construing it as a motion for reconsideration.

At trial, Branch's case was largely limited to his own testimony. He unsuccessfully sought to move various documents into evidence, but the trial court sustained

objections to most on hearsay or foundation grounds. The jury returned a verdict in favor of defendants on all counts. Branch timely appealed.

## DISCUSSION

Branch argues on appeal that the magistrate judge (1) lacked jurisdiction to decide his motions for reconsideration by the district judge and his motion to withdraw consent to the magistrate judge's jurisdiction; (2) erroneously dismissed certain of his claims at the screening stage; (3) erroneously denied his motion to compel an interrogatory response; and (4) improperly prevented him from admitting exhibits into evidence at trial.

## A.  The Scope of the Magistrate Judge's Jurisdiction

Branch does not dispute that he consented to the magistrate judge's jurisdiction, such that, once defendants consented as well, the magistrate judge was authorized to try the case and enter judgment.[4] He contends, however, that the magistrate judge lacked jurisdiction to decide his motion for reconsideration by the district judge and his motion to withdraw consent to the magistrate judge's jurisdiction. "We review de novo whether a magistrate judge has jurisdiction." *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012)

---

[4] It should be noted, however, that Branch indicated his consent in September of 2008, but defendants did not consent until November of 2015—over seven years later. The statutory scheme seems to contemplate a contemporaneous or near-contemporaneous decision by the parties, not piecemeal acceptance over the course of years of litigation. *Cf.* 28 U.S.C. § 636(c)(2) ("The decision *of the parties* shall be communicated to the clerk of court.") (emphasis added). Nonetheless, because Branch does not urge us to find that his consent lapsed prior to defendants' acceptance, we assume for purposes of this appeal that his consent remained effective.

(quoting *Anderson v. WoodCreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003)).

Throughout the latter half of the twentieth century, Congress gradually expanded the duties and powers of magistrate judges. *See Brown v. United States*, 748 F.3d 1045, 1050–57 (11th Cir. 2014) (describing the development of the magistrate judge system). The law currently provides a three-tiered system of magistrate judge jurisdiction. First, a magistrate judge may be designated to determine most pretrial matters directly, except that the parties can ask the district judge to "reconsider" any such matter if "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Second, when it comes to certain dispositive or extremely important motions—such as motions for summary judgment or injunctive relief—the magistrate judge does not issue a ruling, but may conduct hearings and submit a report and recommendation to the district judge, who will ultimately determine the matter de novo. *Id.* § 636(b)(1)(B), (C). Finally, "[u]pon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a . . . civil matter and order the entry of judgment in the case." *Id.* § 636(c)(1). Any action taken by the magistrate judge beyond this statutory grant of jurisdiction is, however, "a nullity." *Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) (quoting *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001)).

Critically, under this tripartite structure, no party will be denied independent review by an Article III judge unless *all* parties have consented to the magistrate judge exercising plenary jurisdiction. Thus, in upholding the magistrate judge system against constitutional attack, this Court observed that Article III judges retained "continuing, plenary

responsibility for the administration of the judicial business of the United States." *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 546 (9th Cir. 1984) (en banc) (Kennedy, J.). We noted, in particular, the "element of judicial control in the Article III authority to cancel an order of reference, sua sponte or on application of the parties." *Id.* at 545.

Applying these principles to the case before us, we conclude that, once all parties consented to the magistrate judge's jurisdiction, the magistrate judge was authorized to decide Branch's pending motions for reconsideration by the district judge. The availability of district court review exists to protect litigants who have not agreed to give up their right to adjudication by an Article III judge. Thus, although it is clear that Branch was entitled to seek district court review of the magistrate judge's decision before all parties accepted the magistrate judge's jurisdiction, it is equally clear that, after all parties consented, Branch had no right to return to the district court for further review. Branch seeks to impose a rule that a motion for reconsideration *filed* before consent is given must ultimately be decided by the district court, even if the decision comes after consent. But there is no basis in either the governing statute or the Federal Rules for such a requirement.

Branch argues that only a district judge is empowered to decide a motion made pursuant to Rule 72(a). *See* Fed. R. Civ. P. 72(a) ("The *district judge* must consider timely objections . . . .") (emphasis added). Perhaps so, but that misses the point. By consenting to the magistrate judge's plenary jurisdiction, Branch gave up the right to have the magistrate judge's decisions reviewed by the district judge. Thus, once the magistrate acquired full jurisdiction over the case, Branch had no right to have any Rule 72(a) motion

decided *at all*, much less by the district judge. Under these circumstances, the magistrate judge reasonably construed Branch's motions as motions for reconsideration arising under Rule 60(b).

Branch next argues that defendants consented to the magistrate judge's jurisdiction over "further proceedings," and that his still-pending motion was not a "further" proceeding. That is debatable as a matter of semantics, but in any event it is irrelevant. Branch himself consented well in advance.**[5]** Even assuming defendants did not mean to consent to have the magistrate judge decide the pending motions for reconsideration, that is an objection only they, not Branch, have standing to raise. Branch "received the protection intended by the statute, and deserves no boon from the other side's failure to" consent earlier. *Roell v. Withrow*, 538 U.S. 580, 590 (2003). Thus, we find no error in the magistrate judge's decision to adjudicate Branch's motions for reconsideration.

We reach a different result, however, as to the motion to withdraw consent. Section 636 provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." 28 U.S.C. § 636(c)(4).**[6]** Rule 73 makes explicit that only "the district

---

**[5]** We express no opinion on whether the same result should obtain if consent came in the opposite order, i.e. if Branch were the party to withhold consent initially and then, while his motion for reconsideration was pending, he gave consent to the magistrate judge exercising jurisdiction over "further proceedings."

**[6]** Although the statutory provision refers to a motion to "vacate a reference," we follow the parties' terminology in sometimes referring to

judge" may vacate a reference to a magistrate judge. Fed. R. Civ. P. 73(b)(3). Branch argues that these provisions preclude the magistrate judge from ruling directly on a motion to withdraw consent. We agree.**[7]**

The relevant statute and rule clearly contemplate a ruling by a district judge, not a magistrate judge. Rule 73 explicitly so provides. Fed. R. Civ. P. 73(b)(3) ("[T]he district judge may vacate a referral to a magistrate judge under this rule."). And while section 636 is not quite so clear, it says that "[t]he court" may vacate a reference "to a magistrate judge." 28 U.S.C. § 636(c)(4). This juxtaposition—"the court" on the one hand, "a magistrate judge" on the other—suggests two different entities. In context, then, "the court" is most naturally understood as referring to a district judge.

This reading is reinforced by the fact that section 636 elsewhere refers to district judges as judges "of the court," a nomenclature that is never applied to magistrate judges. *See, e.g.*, 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may

---

this as a motion to withdraw consent to the magistrate judge's jurisdiction.

**[7]** The issue of a magistrate judge's power to rule on a motion to withdraw consent to the magistrate judge's jurisdiction appears to a question of first impression in this circuit. In *United States v. Neville*, 985 F.2d 992 (9th Cir. 1993), we affirmed a magistrate judge's refusal to permit a misdemeanant defendant to withdraw consent, but our analysis was explicitly specific to the statute authorizing jurisdiction over misdemeanor criminal trials. *See id.* at 999 & n.17 (noting that "consent clearly may be withdrawn in a civil case," but that it was less clear as applied to criminal cases). And in *Dixon v. Ylst*, 990 F.2d 478 (9th Cir. 1993), we again approved a magistrate judge's refusal to grant a party's day-of-trial request for the case to be tried by a district judge, but only after concluding that the party "made no motion to vacate the reference to the magistrate judge." *Id.* at 480.

reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *id.* § 636(b)(1)(B) (the magistrate judge must "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," of certain motions); *id.* § 636(b)(1) ("A judge of the court shall make a de novo determination" of portions of the report and recommendation to which parties object). Defendants argue that, once the parties have consented to the magistrate judge's jurisdiction, the magistrate judge is "the court." But that is simply not how the statute reads.

The legislative history also supports our position. The Senate version of the bill, which eventually became law, also authorized "the court" to vacate a reference. The Senate Judiciary Committee's report described this provision as "authoriz[ing] a *district judge* to vacate a reference." S. Rep. No. 96-74, at 14 (1979) (emphasis added). While the report of a single committee of a single chamber is not dispositive, and the matter was not addressed in any conference report, the Senate Judiciary Committee's language further confirms that the most natural reading—that "the court" refers to a district judge—is correct. Notably, too, this is how the provision was understood by the Advisory Committee for the Federal Rules of Civil Procedure. Rule 73(b) specifies that only a district judge may vacate a reference, and the Committee's notes characterize this provision as "reiterat[ing] the provision in 28 U.S.C. § 636(c)(6) [now (c)(4)] for vacating a reference to the magistrate." Fed. R. Civ. P. 73, Notes of Advisory Committee on Rules—1983.

In the face of this textual and historical evidence, defendants point to the grant of authority to a magistrate judge to "conduct any or all proceedings," 28 U.S.C. § 636(c)(1), and argue that this "necessarily includes ruling

on a motion to withdraw consent." But that grant of jurisdiction is qualified by the restriction on who may decide a motion to withdraw consent. It is a cardinal rule of statutory interpretation that a specific limitation takes precedence over a general grant of authority. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). Defendants' interpretation would also have the troubling result that a party before a magistrate judge would be unable to petition an Article III judge for review. Such an arrangement would raise significant constitutional difficulties, as it would appear to lack the requisite supervision by an Article III officer.

Defendants suggest that there is no problem here, because a district judge retains the authority to sua sponte vacate a reference. But in *Pacemaker*, we emphasized the importance of the district court's "authority to cancel an order of reference, sua sponte *or on application of the parties*, in individual cases." 725 F.2d at 545 (emphasis added). Moreover, it is doubtful as a practical matter that district judges, burdened with their own busy dockets, would take the time to review a magistrate judge's rulings without a motion from the parties. And while defendants suggest that section 636 and Rule 73 could be read to grant magistrate judges and district judges concurrent jurisdiction over motions to withdraw consent, that is simply not plausible. There would be no reason to draft the statute to *explicitly* grant that authority to the district judge, while silently also granting it to the magistrate judge.

Based on the foregoing, we conclude that only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under section 636(c)(4). In so holding, we acknowledge that some other courts of appeals have reached a different answer to this question.

With respect to our sister circuits, however, we do not find these decisions persuasive. Virtually all of them simply state matter-of-factly that the magistrate judge has the power to adjudicate a motion to vacate a reference, without explaining their reasoning. *See, e.g.*, *Sockwell v. Phelps*, 906 F.2d 1096, 1097 n.1 (5th Cir. 1990) (stating without elaboration that "[c]learly, the magistrate had the jurisdiction and power to permit the withdrawal of consent as he did"); *McCarthy v. Bronson*, 906 F.2d 835, 838 (2d Cir. 1990) (stating without elaboration that magistrate judge faced with party's withdrawal of consent "could have declined to vacate the 636(c) consent and adjudicated the merits definitively"); *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020–21 (5th Cir. 1987) (affirming magistrate judge's denial of motion to withdraw consent, without directly addressing whether magistrate judge is authorized to adjudicate such a motion); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (similar); *Diaz v. Superior Energy Services LLC*, 341 F. App'x 26, 27 (5th Cir. 2009) (per curiam) (similar).**[8]** For the reasons already discussed, we believe the statutory text compels a different conclusion.

It follows then that the magistrate judge lacked jurisdiction to rule on Branch's motion to withdraw consent. The next question is the proper remedy. Defendants argue that any error is harmless. But when, as here, the error

---

**[8]** Other decisions have concluded, as we do, that magistrate judges lack jurisdiction over this type of motion, although they are similarly sparse in their reasoning. *See Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984) ("Once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court . . . ."); *Dowell v. Blackburn*, 932 F.2d 963, 1991 WL 75226, at *1 (4th Cir. 1991) (unpublished) (per curiam) (holding, based on *Fellman* and *Pacemaker*, that "only the district court may rule on a motion to vacate a reference to a magistrate judge").

resides in the wrong decisionmaker ruling on a motion, traditional harmless error analysis is not applicable. *See Sockwell*, 906 F.2d at 1099 & n.3 (holding that "the harmless error rule is inapplicable" where a magistrate judge lacked jurisdiction, because "showing prejudice" would be "virtually impossible" and "the decision of the magistrate was not subject to meaningful district court review").

On the other hand, we also reject Branch's contention that this is a "structural" error requiring automatic vacatur. It is true that, if Branch's motion to withdraw consent had been granted by the district judge, the magistrate judge would thereafter have lacked jurisdiction, and the trial and judgment that followed would be a legal nullity. But Branch's motion was not guaranteed to succeed, and neither the filing of the motion, nor the magistrate judge's erroneous adjudication of that motion, operated to immediately divest the magistrate judge of previously-acquired jurisdiction. "At worst, the magistrate judge . . . made an error regarding the contours of a magistrate judge's authority pursuant to 28 U.S.C. § 636. Such an error is 'not . . . equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity.'" *Hoffman v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019) (quoting *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984)) (second ellipsis in original).**[9]** Vacating the entire judgment at this point would thus be an undeserved windfall.

Although the judgment below is therefore not a complete nullity, we nonetheless find it necessary to take some corrective action rather than leave Branch with "no remedy

---

**[9]** For the same reason, we conclude that we have jurisdiction to decide the balance of this appeal, even though the judgment entered by the magistrate may ultimately be vacated following remand.

at all." *Allen*, 755 F.3d at 869. "[O]ur cases do not dictate a single remedy to correct an obvious error involving a magistrate judge's lack of jurisdiction." *Id.* The injury to Branch is that he was denied review of his motion by an Article III court. The proper remedy is therefore to remand to the district court to consider his motion to withdraw consent in the first instance.

On remand, the district court should consider whether Branch has shown either "good cause" or "extraordinary circumstances." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3). This "is a high bar that is difficult to satisfy," and is intended to "prevent[] gamesmanship." *Savoca v. United States*, 199 F. Supp. 3d 716, 721 (S.D.N.Y. 2016). Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice. *See Neville*, 985 F.2d at 1000 (warning against permitting a party "to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking") (quoting *Carter*, 816 F.2d at 1020–21); *Sanches v. Carrollton-Farmers Branch Indep. School Dist.*, 647 F.3d 156, 172 (5th Cir. 2011) ("Dissatisfaction with a magistrate judge's decision does not constitute 'extraordinary circumstances.'"). If the district court finds that Branch's request meets this high standard—a point on which we express no opinion—then the court shall vacate the judgment. *See Anderson*, 351 F.3d at 919.

## B. The Dismissal of Branch's Claims at the Screening Stage

Branch contends that the magistrate judges who screened his various amended complaints erred in dismissing several claims. We do not reach the merits of that argument, however, because we conclude that the magistrate judges

who screened the complaints lacked jurisdiction to dismiss his claims.

At the time of the various screenings, none of the defendants had yet consented to the jurisdiction of the magistrate judge. "Section 636(c)(1) . . . requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge." *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). Thus, all defendants, even unserved defendants, must consent before a magistrate judge can issue dispositive orders, such as an order dismissing a claim. *Id.* at 504. Without consent, a magistrate judge is limited to submitting a report and recommendation on dispositive pretrial motions, including motions to dismiss for failure to state a claim. *See* 28 U.S.C. § 636(b)(1)(A), (B).

The magistrate judges who screened Branch's various complaints lacked jurisdiction to dismiss his claims. We accordingly vacate the dismissals of those claims and remand for further proceedings. *Williams*, 875 F.3d at 505.[10]

## C. Branch's Evidentiary and Discovery-Related Arguments

Branch raises two additional arguments, but they do not merit relief.

---

[10] If, on remand, those claims survive review, the district court may wish to consider whether any of the claims that proceeded to trial and final judgment are "extremely closely related" to the now-reinstated claims, such that vacatur of the verdict on the already-tried claims is necessary "so that the related claims can be heard jointly and the evidence evaluated in its totality." *Pena v. Meeker*, 435 F. App'x 602, 604 (9th Cir. 2011) (mem.).

First, Branch argues that the trial court improperly denied his motion to compel an interrogatory response regarding the Chronos. We review the denial of a motion to compel discovery for abuse of discretion. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018). The trial court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

We agree with Branch that the trial court's rationale for denying his motion to compel does not withstand scrutiny. The trial court first reasoned that because neither party had attached the interrogatories or responses, the papers "d[id] not offer sufficient information for the court to fairly resolve Plaintiff's motion to compel on the merits." The parties agree that this was incorrect; as the record reveals, defendants' opposition papers included the interrogatory and their response as exhibits. The trial court was therefore armed with all the information it needed to resolve Branch's motion.

Nor can the denial be sustained on the ground of attorney-client privilege, as the trial court held in denying Branch's two motions for reconsideration. "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice . . . as well as an attorney's advice in response to such disclosures." *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)) (alteration in original). "The party asserting the privilege bears the burden of proving each essential element." *United States v. Graf*, 610 F.3d 1148, 1156 (9th

Cir. 2010) (quoting *Ruehle*, 583 F.3d at 607). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quoting *Ruehle*, 583 F.3d at 607). Here, Branch did not seek to discover privileged communications; he did not seek to discover communications at all. He did not ask what the defendants told their counsel, or what their counsel told them. He asked why they *did not* inform their counsel of the existence of the Chronos at the time they were served with his complaint. A party's motivation for *not* communicating information to an attorney is not privileged.

Nonetheless, this error does not warrant reversal because the information sought was barely relevant, if at all. Branch hoped to argue that the timing of the discovery of the Chronos was suspicious, suggesting that the reports may have been fabricated or doctored. But the Chronos were never admitted at trial, so that argument could not possibly have changed the result. Moreover, Branch's theory was wildly speculative. Poor memory or oversight is a much more plausible explanation for the late discovery of the Chronos. Branch argues on appeal that he wanted to discover when Officers Szalai and Alvarez remembered the Chronos existed, but that information is not relevant either, and even if it were, that is not the question posed by the interrogatory. The denial of Branch's motion to compel did not "result[] in actual and substantial prejudice," *Hallett*, 296 F.3d at 751, and so does not require reversal.

Second, Branch challenges various trial evidentiary rulings. We find no abuse of discretion in the trial court's rulings. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008). For example, Branch argues that he should have been permitted to question Szalai, on recross-examination, about the Chronos. But the court did allow

Branch to go into this topic at some length, over objection from defendants. Moreover, while Branch now suggests, on appeal, several questions that he might have wanted to ask of Szalai, they are totally different from the questions he asked at trial. The trial court cannot be faulted for "precluding" Branch from asking questions he never posed.

Similarly, Branch claims that the trial court improperly refused to admit any of his exhibits at trial. The record does not support that contention. Several of the exhibits, mostly prison records, were properly excluded, as they contained unauthenticated writing or were not supported by adequate foundation testimony. The trial judge repeatedly explained to Branch the necessity of calling a foundation witness; Branch's failure to do so is not attributable to the court. And while Branch complains that his eyewitness declaration was excluded, in fact the trial court ruled that it was admissible, but Branch failed to formally move it into evidence. While it might have been preferable for the trial court to remind Branch of the necessity of doing so before resting, the oversight does not warrant reversal. The declaration was admissible only to prove that Branch engaged in protected activity, a proposition that defendants never seriously challenged at trial.

In short, none of the evidentiary rulings Branch complains of on appeal were erroneous.

## CONCLUSION

For the foregoing reasons, we vacate in part and remand with instructions. Specifically, we vacate the magistrate judge's denial of Branch's motion to withdraw consent to the magistrate judge's jurisdiction. We remand with instructions to the district judge to consider that motion de novo. If the district judge finds that Branch ought to have been permitted

to withdraw consent, the district judge is to vacate the judgment entered by the magistrate judge. We further vacate the screening orders entered by various magistrate judges that dismissed certain of Branch's claims and remand for further proceedings on those claims. Each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**