NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALICE BROWN,

        Plaintiff-Appellant,

  v.

COUNTY OF DEL NORTE; et al.,

        Defendants-Appellees.

No.   18-16689

D.C. No. 1:16-cv-07235-RMI

MEMORANDUM*

ALICE BROWN,

        Plaintiff-Appellant,

  v.

COUNTY OF DEL NORTE; et al.,

        Defendants-Appellees,

 and

UNITED STATES OF AMERICA; et al.,

        Defendants-Appellees.

No.   19-15017

D.C. No. 1:16-cv-07235-RMI

Appeal from the United States District Court
for the Northern District of California
Robert M. Illman, Magistrate Judge, Presiding

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 18, 2020[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

Alice Brown appeals the judgment entered in defendants' favor on her 42 U.S.C. § 1983 and 28 U.S.C. § 1331 claims and the award of costs to the County of Del Norte. She argues that remand is necessary because the magistrate judge: (1) lacked jurisdiction to rule on her oral motion to withdraw consent to the jurisdiction of a magistrate judge and (2) failed to articulate any reason for denying her recusal motion. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotic*s, 403 U.S. 388 (1971). Brown also asserts that vacatur and remand is warranted to allow the district court to consider her Eighth Amendment claim in light of *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), and because the district court erred by granting summary judgment to defendants on her Fourth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291.

We conclude that Brown made a valid motion to withdraw her consent to the magistrate judge. Under 28 U.S.C. § 636(c)(4), "only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge." *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019). When a magistrate judge rules on such a motion and subsequently issues a judgment in the case, we vacate only the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision on the motion to withdraw and remand for a district judge to consider in the first instance whether the "good cause" or "extraordinary circumstances" required to withdraw consent under 28 U.S.C. § 636(c)(4) and Federal Rule of Civil Procedure 73(b)(3) are met. *Id.* at 1004. Thus, here we remand for a district judge to consider Brown's motion in the first instance. We express no opinion on whether Brown's motion meets this "high bar." *Id.* (citation omitted).

If the district judge concludes Brown should have been allowed to withdraw consent, the district judge is instructed to vacate the judgment entered by the magistrate judge dismissing Brown's claims and to conduct further proceedings. If the district judge determines that Brown's motion should have been denied and that the magistrate judge had jurisdiction to conduct the proceedings in this matter, the magistrate judge is directed to articulate his reasons for denying Brown's disqualification motion. We retain jurisdiction over any further appeal.[1] Each party shall bear its own costs on appeal.

**VACATED IN PART and REMANDED with instructions**.

---

[1] Because it is unclear whether the magistrate judge had jurisdiction to enter judgment dismissing Brown's claims, we do not consider her merits arguments at this point.

3