**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> ALI YOUSIF AHMED AL-NOURI, AKA Ali Ahmed, AKA Ali Yousif Ahmed, AKA Ali Yousif Ahmed Al Noori, AKA Ali Al-Daleme, AKA Ali Yousif Ahmed Al-Mahmadi, AKA Ali Youssef Ahmed Al-Nouri, AKA Ali Yousif Nouri, AKA Ali Yousif Ahmed Nouri, *Defendant-Appellant.* | No. 20-10317 <br><br> D.C. No. 2:20-mj-08033-MTM-MTL-1 <br><br><br> ORDER |

Appeal from the United States District Court
for the District of Arizona
Michael T. Morrissey, Magistrate Judge, Presiding

Submitted to Motions Panel November 30, 2020[*]

Filed December 21, 2020

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Richard R. Clifton, Sandra S. Ikuta, and
Kenneth K. Lee, Circuit Judges.

Order

## SUMMARY[**]

**Bail Pending Extradition Proceeding**

A motions panel dismissed for lack of jurisdiction an appeal from a magistrate judge's denial of bail pending the conclusion of an extradition proceeding.

The panel wrote that because magistrate judges' bail decisions in extradition proceedings are not "final decisions of the district courts of the United States," this court does not have jurisdiction under 28 U.S.C. § 1291; and that this court does not have jurisdiction under § 636(c) of the Federal Magistrates Act, because a magistrate judge's bail determination in this context is not a judgment "in a jury or nonjury civil matter" upon "consent of the parties."

## COUNSEL

Jon M. Sands, Federal Public Defender; Daniel L. Kaplan and Jami Johnson, Assistant Federal Public Defenders; Office of

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellant.

Michael Bailey, United States Attorney; Krissa M. Lanham, Appellate Division Chief; Rachel C. Hernandez, Todd M. Allison, David A. Pimsner, and Dimitra H. Sampson, Assistant United States Attorneys; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

**ORDER**

Ali Yousif Ahmed Al-Nouri appeals the magistrate judge's denial of bail pending the conclusion of an extradition proceeding under 18 U.S.C. § 3184. We conclude we lack jurisdiction and grant the government's motion to dismiss.

I

In October 2019, pursuant to the Extradition Treaty between the United States of America and Iraq, 49 Stat 3380 (Apr. 28, 1936), Iraq submitted a request for the extradition of Al-Nouri, a United States citizen. According to the information provided by Iraq, Al-Nouri has been charged with two counts of premeditated murder in violation of Article 406(1)(A) of the Iraqi Penal Code No. 111. In January 2020, the government filed a complaint pursuant to 18 U.S.C. § 3184 requesting a warrant for Al-Nouri's arrest. After an arrest warrant was issued and Al-Nouri was taken into custody, the government filed a request for Al-Nouri's detention pending the resolution of the extradition proceedings. A magistrate judge for the District of Arizona held that there were no special circumstances that warranted Al-Nouri's release or that rebutted the presumption against

bail in extradition cases. Therefore, the magistrate judge ordered that Al-Nouri be detained until the conclusion of the extradition proceedings. Al-Nouri filed a notice of appeal and a memorandum challenging the magistrate judge's detention order, and the government filed a motion to dismiss the appeal for lack of jurisdiction.

## II

"The court of appeals is a court of limited jurisdiction, and its jurisdiction is expressly provided for by statute." *Young Properties Corp. v. United Equity Corp*., 534 F.2d 847, 849 (9th Cir. 1976). Accordingly, we must first determine whether Congress has given us jurisdiction over an appeal of a magistrate judge's detention order (and denial of bail) in extradition proceedings.

Because magistrate judges' bail decisions in extradition proceedings are not "final decisions *of the district courts* of the United States," 28 U.S.C. § 1291 (emphasis added), we do not have jurisdiction under § 1291. *Cf. United States v. Ritte*, 558 F.2d 926, 927 (9th Cir. 1977) (a magistrate judge's order for forfeiture of appearance bond for breach of bail condition was "not a final appealable order of the district court within the meaning of [§] 1291"). Nor do we have jurisdiction under § 636(c) of the Federal Magistrates Act, because a magistrate judge's bail determination in this context is not a judgment "in a jury or nonjury civil matter" upon "consent of the parties." 28 U.S.C. § 636(c)(1), (c)(3). We are not aware of any other basis for jurisdiction over this appeal, and Al-Nouri asserts none. We therefore conclude that we lack jurisdiction to review Al-Nouri's challenge to the magistrate judge's denial of bail.

Nevertheless, magistrate judges' bail decisions in extradition proceedings do not escape review. We previously concluded that when district courts preside in extradition proceedings pursuant to 18 U.S.C. § 3184, their decisions to grant or deny bail qualify as "final decisions of the district courts" for purposes of § 1291. *In re Requested Extradition of Kirby*, 106 F.3d 855, 859 (9th Cir. 1996), *as amended* (Feb. 27, 1997) (hereinafter, *Kirby*). As we explained in *Kirby*, a district court's authority to grant bail does not stem from § 3184, because that statute "contains no provisions for bail whatsoever." *Id.* Rather, a district court's bail authority stems from the Supreme Court's decision in *Wright v. Henkel*, 190 U.S. 40 (1903), which vested the power to grant bail in extradition cases in "courts" within the meaning of § 1291.[1] *Kirby*, 106 F.3d at 859 & 864 n.11 ("[A] district judge who grants bail in an extradition case is acting as an Article III court." (emphasis omitted)).

Although a magistrate judge is not an Article III judge, *see, e.g.*, *United States v. Gomez-Lepe*, 207 F.3d 623, 631 (9th Cir. 2000), magistrate judges may be assigned "additional duties as are not inconsistent with the Constitution and laws of the United States," 28 U.S.C. § 636(b)(3). To the extent a magistrate judge has been assigned the Article III power to make bail decisions, either implicitly by custom or expressly by local rules, such decisions may be reviewed de novo by the district court upon

---

[1] Moreover, a district court's bail decision qualifies as a *final* decision of a district court within the meaning of § 1291. *Kirby*, 106 F.3d at 861. "[G]iven that bail decisions in criminal cases are 'final' under section 1291," *id.* at 860, we reasoned that the district court's decision to grant bail to potential extraditees was also final within the meaning of § 1291, *id.* at 861.

application by a party.  *See Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019).  As *Branch* explained, "Article III judges retained continuing, plenary responsibility for the administration of the judicial business of the United States." *Id.* at 1001 (cleaned up).  The district court's decision would then be a final decision for purposes of § 1291, and is appealable to this court.  *Kirby*, 106 F.3d at 860–61.[2]  Further, a potential extraditee may appeal a denial of bail by way of a petition for writ of habeas corpus.  *Id*. at 858.

Because we lack jurisdiction over Al-Nouri's appeal from the magistrate judge's order of detention, we dismiss this appeal without prejudice to further proceedings by the parties.[3]

**DISMISSED.**

---

[2] We therefore disagree with the Eleventh Circuit's conclusion that a district court lacks jurisdiction to review the magistrate judge's bail decision in connection with extradition proceedings.  *See In re Extradition of Ghandtchi*, 697 F.2d 1037, 1038 n.2 (11th Cir. 1983).  To the extent the Eleventh Circuit based this ruling on the assumption that magistrate judges had authority under § 3184 to make bail decisions, it is contrary to *Kirby*, 106 F.3d at 864 n.11.  We likewise reject any district court decisions that are based on a similar assumption.  *See In re Extradition of Siegmund*, 887 F. Supp. 1383, 1384–85 (D. Nev. 1995) (noting that "the power to make bail determinations is within the magistrate [judge]'s more general power to conduct proceedings in extradition matters").

[3] Appellant also filed an unopposed Motion to File Selected Exhibits Under Seal (ECF No. 4).  Because we find "compelling reasons" to seal the exhibits at issue "that outweigh the general history of access and the public policies favoring disclosure," we **GRANT** Appellant's motion. *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)).