**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES M. MURPHY, | No. 24-4717 |
| Plaintiff - Appellant, | D.C. No. 3:21-cv-05707-DWC |
| v. | |
| RICHARD WILLIAM WEDAN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted April 9, 2026**

Before: GOULD, BENNETT, and BADE, Circuit Judges.

Plaintiff Dr. James M. Murphy appeals *pro se* from the district court's order

granting summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We

review *de novo* the district court's grant of summary judgment, and we review its

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a Rule 72(b) motion for abuse of discretion.[1] *Williams v. Paramo*, 775

F.3d 1182, 1191 (9th Cir. 2015) (motion for summary judgment); *Hunt v. Pliler*,

384 F.3d 1118, 1125 (9th Cir. 2004) (Rule 72 motion). We review denial of a Rule

56(d) motion and denial of a request for oral argument for abuse of discretion.

*Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827

(9th Cir. 2008) (Rule 56(f) motion, which was moved to Rule 56(d) in the 2010

amendment to the Rules); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865,

867 (9th Cir. 1991) (request for oral argument). For the reasons stated below, we

affirm.

1.      The district court properly granted summary judgment to Defendant

Col. Richard William Wedan because Dr. Murphy's claims are barred by the

statute of limitations. The statute of limitations for a personal injury action arising

in Washington State is three years. *See* Wash. Rev. Code ("RCW") § 4.16.080(2).

The actions giving rise to the allegations in Dr. Murphy's Second Amended

Complaint occurred in 2015, and Dr. Murphy did not file this action until August

2021.

2.      Col. Wedan did not waive his right to assert an affirmative defense

based on the statute of limitations. Dr. Murphy offers no authority for his

---

[1] All references to rules are to the Federal Rules of Civil Procedure, unless
otherwise indicated.

contention that a defendant waives a statute of limitations affirmative defense by making a Rule 12(b) motion to dismiss that does not assert the defense, and for that reason, we could disregard this theory. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). "The inclusion of the [statute of limitations] defense in an answer is sufficient to preserve the defense." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 216 F.3d 764, 788 (9th Cir. 2000). And Col. Wedan raised the affirmative defense in his answers both to Dr. Murphy's First Amended Complaint and to Dr. Murphy's Second Amended Complaint as required by Rule 8(c)(1).

3. Dr. Murphy contends that pursuant to the "discovery rule", the limitations period was tolled until Dr. Murphy received a copy of the "Moushon Report" in 2020 because he was not aware of his claims until he received a copy of that report. But the district court correctly concluded that Dr. Murphy knew or should have known about the allegations in his Second Amended Complaint no later than 2015 or 2016, five or six years before Dr. Murphy filed this lawsuit. The district court properly concluded that the parts of the Moushon Report that were submitted to the district court were not sufficient to demonstrate the existence of a genuine dispute as to whether the necessary facts related to Dr. Murphy's claims could not have been discovered until Dr. Murphy received a copy of the Moushon

Report. For those reasons, the statute of limitations was not tolled by the discovery rule.

4. We affirm the district court's denial of Dr. Murphy's Rule 72 motion as moot because Dr. Murphy had previously consented to this case being heard by a United States Magistrate Judge. "After all parties" have consented to the magistrate judge's jurisdiction, the parties have "no right to return to the district court for further review" under Rule 72. *See Branch v. Umphenour*, 936 F.3d 994, 1001 (9th Cir. 2019).

5. We decline to consider Dr. Murphy's argument pertaining to the defense of fraudulent concealment because he raises this argument for the first time on appeal. *See Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).

6. The district court's denial of Dr. Murphy's request for oral argument was not reversible error. "[A] district court's failure to grant an oral hearing on a motion for summary judgment does not constitute reversible error in the absence of prejudice." *Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Fernhoff v. Tahoe Reg'l Plan. Agency*, 803 F.2d 979, 983 (9th Cir. 1986)). Because Dr. Murphy had "an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice" in the district court's denial of oral argument in this case. *See id.* (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)).

7. The district court also did not err by denying Dr. Murphy's motion under Rule 56(d) to defer or deny the motion for summary judgment to allow him to seek further discovery from Col. Wedan, and from third parties, including Col. Paul Fitzgerald and Col. Oliver Wisco. A party seeking relief under Rule 56(b) must show that: "'(1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) [these] facts are essential to oppose summary judgment.'" *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *Fam. Home & Fin. Ctr., Inc.*, 525 F.3d at 827)). Here, Dr. Murphy did not set forth in an affidavit the specific facts he expected to gain from further discovery. Instead, Dr. Murphy speculated about additional testimony that Col. Fitzgerald or Col. Wisco may be able to provide. But Dr. Murphy did not establish that the facts he sought exist, nor did he identify anything in the record suggesting that Col. Fitzgerald or Col. Wisco will have knowledge of relevant facts related to the limitations period and application of the discovery rule.

**AFFIRMED.**