**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT DESTFINO; ILA DESTFINO;
BONNIE BOONE; MARK HARPER;
MICHAEL TAVAREZ; SHAWN
TAVAREZ; PETER CHIS, individuals,
    *Plaintiffs-Appellants,*

v.

EFFIE REISWIG, individually, DBA
The Silver Trumpets; RITA I.
JOHNSON, individually, AKA Rita
A. Johnson, DBA Her Copyright;
GLEN BERTEAU; DEBBIE BERTEAU;
DARRYL TURNER; MICHAEL
WILLIAMS; ROBERT JONES, AKA
Rob Jones; ROBERT ONA, AKA
Bob Ona; JEREMY JOHNSON;
ASSEMBLIES OF GOD CHURCH, DBA
Calvary Temple Worship Center;
KENNETH L. REISWIG, individually,
AKA Kenny L. Reiswig; JUDITH
RODERICK, individual; COURTESY
OLDSMOBILE-CADILLAC, INC., DBA
Courtesy Automotive Center, DBA
Courtesy Chevrolet Cadillac
Suzuki; BENJAMIN WELLS,
    *Defendants-Appellees,*

and

No. 09-16214

D.C. No.
1:08-cv-01269-LJO-
DLB

OPINION

WILLIAM J. KENNEDY, AKA Bill Kennedy, DBA American Legal Services, DBA The Ear of Malchus, AKA The Lost Sheep; THE EAR OF MALCHUS, a Washington corporation; LYLE E. DAVIES, DBA Financial Wellbeing Solutions; THE LOST SHEEP, a Washington corporation; DANNY V. SESE, individually, DBA Gentry Group; GENTRY GROUP, a Texas corporation; JEROME WEBB, individual; TONY SCARLOTTA, AKA Toni Scorlotta; JOHN GROUP; KURT F. JOHNSON; D. SCOTT HEINEMANN, AKA Dale Scott Heinemann; NEW CENTURY MORTGAGE CORPORATION; RICHARD LALONDE, AKA Rick Lalonde; INDYMAC BANK, a California corporation; FINANCIAL TITLE COMPANY, a California corporation; JEFF AULT, AKA Jeffrey Ault; VICK SINGH; INTERNATIONAL ASSOCIATION OF CORPORATION SOLE; PETER KIM, DBA SKM Debt Services; SUSAN W. KIM, DBA SKM Debt Services; JERRY COOK, AKA Jerome Cook; DARRYL LABARTHE; WB FINANCIAL; FEDERAL DEPOSIT INSURANCE CORPORATION As RECEIVER FOR INDYMAC BANK; NICHOLE KLAUSNER,

*Defendants.*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
April 15, 2010—San Francisco, California

Filed January 21, 2011

Before: Alex Kozinski, Chief Judge, Glenn L. Archer, Jr.,*
and Consuelo M. Callahan, Circuit Judges.

Opinion by Chief Judge Kozinski

---

*The Honorable Glenn L. Archer, Jr., Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

## COUNSEL

Leonard Comden (argued) and I. Donald Weissman, Wasserman, Comden & Casselman, LLP, Tarzana, California, for the plaintiffs-appellants.

John T. Williams (argued), Sarah H. Dearing and Jason H. Nash, Hinkhouse Williams Walsh LLP, Chicago, Illinois; Jerome M. Varanini, Trimble, Sherinian & Varanini, Sacramento, California; Donald K. Lupul, McFall, Burnett & Brinton, Manteca, California; Michael A. Fluetsch, Kristina L. Fluetsch, Fluetsch & Fluetsch, Lodi, California; Montie S. Day, Day Law Offices, Shoshone, Idaho, for the defendants-appellees.

**OPINION**

KOZINSKI, Chief Judge:

Plaintiffs sued twenty-nine individuals, ten businesses and a church in state court, alleging that defendants used a bogus debt elimination and tax avoidance scheme to bilk them out of tens of thousands of dollars. One of the defendants, Courtesy Oldsmobile-Cadillac ("Courtesy"), removed the case to federal court. Plaintiffs moved to remand to state court, arguing that Courtesy's removal was procedurally defective. While this motion was pending, the Federal Deposit Insurance Corporation (FDIC) took over IndyMac Bank, another defendant, and filed an assertion of removal jurisdiction under 12 U.S.C. § 1819(b)(2)(B). The district court denied plaintiffs' motion to remand because removal by the FDIC provided an independent basis for jurisdiction. Plaintiffs then dismissed IndyMac and the FDIC from the action. The district court held that dismissing the parties post-removal didn't divest it of jurisdiction and, in any event, it would have jurisdiction pursuant to the initial removal by Courtesy once it cured the procedural defect. The district court continued to retain jurisdiction after plaintiffs dismissed their sole federal claim. Having allowed plaintiffs to amend twice, the district judge dismissed the complaint as to several defendants for failure to plead properly. The court entered final judgment in favor of those defendants pursuant to Federal Rule of Civil Procedure (FRCP or "Rule") 54(b). Plaintiffs appeal, arguing that the district court lacked jurisdiction and should have remanded to state court. We review de novo. *See United Computer Sys. Inc.* v. *AT&T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002).

**I**

**[1]** It's undisputed that the case originally fell within the subject matter jurisdiction of the district court, as plaintiffs alleged a violation of federal law. But plaintiffs claim the petition for removal was defective because (1) it was

untimely, (2) it was not joined by all of the defendants and (3) plaintiffs ultimately dismissed all federal claims and parties.

**[2] A.** *Untimeliness.* A defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). Courtesy filed a petition for removal twenty-five days after it was served with the complaint. Plaintiffs argue the removal notice was untimely because Courtesy didn't file it within thirty days of when the *first* defendant was served in the action. We must determine whether Courtesy was subject to the first-served defendant's removal deadline. Doing so requires us to decide: Does the first-served defendant's thirty-day clock run for all subsequently served defendants (the first-served rule), or does each defendant get his own thirty days to remove after being served (the later-served rule)?

**[3]** We have never addressed this issue and our district courts have split. *Compare McAnally Enters., Inc.* v. *McAnally*, 107 F. Supp. 2d 1223, 1230 (C.D. Cal. 2000) (first-served), *with Bonner* v. *Fuji Photo Film*, 461 F. Supp. 2d 1112, 1117-18 (N.D. Cal. 2006) (later-served). The circuits that have decided the question have disagreed as well. *Compare Brown* v. *Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986) (first), *with Brierly* v. *Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) (later).

**[4]** Courts that have adopted the later-served defendant rule have done so for reasons grounded in statutory construction, equity and common sense. Congress has provided that a notice of removal must be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). The removal statute speaks of "the defendant"—not "first defendant" or "initial defendant"—and its most straightforward meaning is that each defendant has thirty days to remove after being brought into the case. *See Brierly*, 184 F.3d at 533 (observing that adopting the first-

served rule "would require us to insert 'first' before 'defendant' " and that "[w]e are naturally reluctant to read additional words into the statute"). This is also the fairest reading of the statute, as it treats all defendants equally, regardless of when they happen to be served. *See* 28 U.S.C. § 1441(a) (permitting removal by "the defendant or the defendants"). A contrary rule could deprive some defendants of their right to a federal forum because they were served too late to exercise that right, and encourage plaintiffs to engage in unfair manipulation by delaying service on defendants most likely to remove. *See United Computer Sys. Inc.*, 298 F.3d at 762. The trend in recent case law favors the later-served defendant rule. *See Bailey* v. *Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1206 (11th Cir. 2008) (citing *Marano Enters. of Kan.* v. *Z-Teca Rests., L.P.*, 254 F.3d 753, 755 (8th Cir. 2001); and *Brierly*, 184 F.3d at 533).

Courts that have adopted the contrary position have argued that the first-served rule is more consistent with the requirement that defendants unanimously join in a removal petition. *See McAnally Enters., Inc.*, 107 F. Supp. 2d at 1227. These courts construe a defendant's failure to remove within thirty days as an affirmative decision not to remove. *Id.* But the fact that a defendant hasn't taken the initiative to seek removal doesn't necessarily mean he will object when another defendant does. Failure to file a petition may be based on a lack of resources, trusting a lawyer's advice or inertia. There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent.

Other courts that have adopted the first-served rule have relied on the "axiom that the removal statutes are to be strictly construed against removal." *Brown*, 792 F.2d at 482. But the Supreme Court has recently relaxed its presumption against removal by allowing a defendant to remove even though he didn't do so within thirty days of receiving a faxed courtesy copy of the complaint. *See Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). The Court

held that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* This emphasis on when a defendant is formally brought into a case cuts against binding later-served defendants to decisions made before they were joined. The Eighth and Eleventh Circuits have also read *Murphy Brothers* as endorsing the later-served rule, noting that prior to that case "the issue of which rule to endorse would be a closer call than it is now." *Bailey*, 536 F.3d at 1207; *see also Marano Enters*, 254 F.3d at 756.

Finally, some courts have favored the first-served rule because it promotes determining the forum early in litigation, *see, e.g.*, *Brown*, 792 F.2d at 482, a policy consistent with the short period for filing a removal petition. But plaintiffs can bring about quick determination of the forum by serving all defendants promptly. And, where they don't do so, the marginal efficiency benefits of selecting a forum early don't outweigh the manifest unfairness of depriving later-served defendants of a federal forum.

**[5]** We adopt the later-served rule as the wiser and more equitable approach. This rule doesn't go so far as to give already-served defendants a new thirty-day period to remove whenever a new defendant is served, as that could give a defendant more than the statutorily prescribed thirty days to remove. *See* 28 U.S.C. § 1446(b). Rather, we hold that each defendant is entitled to thirty days to exercise his removal rights after being served. Because Courtesy removed the case within thirty days from when it was served, the removal was timely.

**[6] B.** *All defendants.* All defendants who have been "properly . . . served in the action" must join a petition for removal. *Emrich* v. *Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citing 28 U.S.C. § 1446(a)); *see Hewitt* v. *City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (per curiam). If this is not true when the notice of removal is filed,

the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment. *See Soliman* v. *Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (alteration in original and internal quotation marks omitted)). Courtesy's original notice of removal suffered from this defect, but the district court allowed Courtesy to cure it before entering judgment.

**[7]** Plaintiffs argue that five properly served defendants never consented to the removal. One of these, Darryl Labarthe, joined in the notice of removal before the district court's judgment. Two others, Peter and Susan Kim, doing business as SKM Debt Services, were served at the wrong address. Plaintiffs' attempts to serve the Kims and their corporation by substituted service didn't comply with California Code of Civil Procedure § 415.20(b), which requires that "a copy of the summons and complaint [be left at] the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge." Because service on the Kim defendants was defective, their joinder in the petition wasn't required.

Two other defendants that didn't join in the removal petition are William Kennedy and The Lost Sheep, which the complaint identifies as a "corporation sole created by Kennedy." Plaintiffs claim that Kennedy was served, or, alternatively, that service was unnecessary because Kennedy made a general appearance in state court by filing an answer and a cross-complaint. The record contains no evidence of proper service, and the evidence that Kennedy made a general appearance is insufficient. Plaintiffs present a copy of an answer that purports to be in Kennedy's name, but the document doesn't bear a stamp or any other indication that it was filed. Nor do plaintiffs authenticate the document. Plaintiffs

also include in their supplemental excerpts of record a docket sheet that they claim to have obtained from the Stanislaus County Superior Court website, but didn't present below. On appeal, reliance on materials that are not in the record is, of course, improper. In any event, the document doesn't establish that Kennedy answered the complaint. Plaintiffs brought the unstamped answer to the district court's attention, and the court was not persuaded that it sufficed to excuse them from properly serving Kennedy. We find no clear error in this.

As to The Lost Sheep, California law provides that a corporation sole is a corporation consisting of a single person, generally the head of a religious organization. *See* 55 Cal. Jurisprudence 3d Religious Orgs. § 8. The proof of service states that service on the corporation was made on Rita Johnson, not Kennedy, and Johnson is nowhere identified as an officer or someone authorized to accept service for the corporation. The district court's finding that The Lost Sheep was not properly served, like all the district court's other findings, is supported by the record.

**[8]** Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective.

**[9] C.** *Post-removal dismissal.* When the FDIC substituted IndyMac as a party, it filed a timely assertion of removal jurisdiction under 12 U.S.C. § 1819(b)(2)(B), providing an independent basis for federal jurisdiction. Plaintiffs argue that remand was appropriate because they couldn't have foreseen the FDIC's involvement, as "no reasonable person . . . could have anticipated the pending banking industry collapse or the possibility of a government takeover of a major nationwide bank." But jurisdiction under section 1819(b)(2) does not turn on foreseeability. The FDIC has a right to remove a case to federal court within ninety days of its substitution as a party, which the FDIC did after it stepped into IndyMac's shoes.

**[10]** Plaintiffs also argue that they divested the district court of jurisdiction when they dismissed the FDIC from the action. No court that has considered the effect of dismissing the FDIC has found it to be jurisdiction-stripping. Instead, the circuits are split as to the kind of subject matter jurisdiction district courts retain after the FDIC (or its predecessor-in-interest, the RTC) has been dismissed from the case. The Fifth and Second Circuits have held that the entire suit remains within the district court's original federal jurisdiction, while the Third Circuit has held that the district court retains supplemental jurisdiction over the state law claims. *Compare Adair* v. *Lease Partners, Inc.*, 587 F.3d 238, 245 (5th Cir. 2009) (mandatory original jurisdiction); *FDIC* v. *Four Star Holding Co.*, 178 F.3d 97, 100-01 (2d Cir. 1999) (same)*, with New Rock Asset Partners, LP* v. *Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1494-95 (3d Cir. 1996) (discretionary supplemental jurisdiction). The difference, of course, is that if the claim is within the district court's original jurisdiction, then it has no authority to remand, while it has discretion to remand if the claim falls within its supplemental jurisdiction.

**[11]** We need not take sides in this dispute because, even if the district court had authority to remand, it did not abuse its discretion in failing to do so. The district court here articulated its ongoing interest in the supplemental state claims as "ensuring compliance with its orders" because "the [c]ourt had invested considerable time and effort to decide lengthy motions on complicated pleadings." *See Harrell* v. *20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

## II

**[12]** We next address whether the district court erred by dismissing the second amended complaint for failure to plead fraud with particularity. FRCP 9(b) applies where a plaintiff alleges fraud. *See Kearns* v. *Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) "does not allow a complaint to . . . lump multiple defendants together but require[s] plain-

tiffs to differentiate their allegations when suing more than one defendant." *Cisneros* v. *Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 606-07 (E.D. Cal. 2009) (quoting *Swartz* v. *KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks omitted)). The order dismissing the first amended complaint explained that the complaint grouped multiple defendants together and failed to "set out which of the defendants made which of the fraudulent statements/conduct." The district court made clear in this order that plaintiffs must amend their "shotgun pleading" to "state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights." The second amended complaint was properly dismissed because it failed to do this, continuing to make "everyone did everything" allegations. Plaintiffs are entitled to only one amendment as a matter of right, *see* FRCP 15(a), and they twice amended the complaint. The district court dismissed with prejudice because it found the pleadings would "lead to broad discovery and other pre-trial problems," and "create an undue burden on the Court." Plaintiffs had three bites at the apple, and the court acted well within its discretion in disallowing a fourth. *See Zucco Partners, LLC* v. *Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

**[13]** Plaintiffs further claim that dismissal of their complaint in its entirety wasn't justified. Because only fraud allegations needed to be pled with particularity, plaintiffs argue that only these claims could properly have been dismissed for failure to do so. *See Vess* v. *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003); *compare* Fed R. Civ. P. 9(b), *with* FRCP 8(a)(2). They contend that several of their other claims —including allegations of harassment, stalking and breach of implied covenant of good faith and fair dealing—were properly pled because they didn't rely on allegations of fraud. But the district court explained in its orders that plaintiffs not only failed to comply with Rule 9(b), but also with Rule 8(a)(2)'s "short and plain statement" requirement. The district court's "decision to dismiss the [second] amended complaint *with*

*prejudice* was appropriate in light of [plaintiffs'] repeated failure to cure the deficiencies in [their] pleadings." *Neubronner* v. *Milken*, 6 F.3d 666, 672 (9th Cir. 1993). It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after "repeated opportunities." *Id.*; *see also Semegen* v. *Weidner*, 780 F.2d 727, 730-31 (9th Cir. 1985). Here, the district court gave plaintiffs several chances to amend, with detailed instructions as to what they needed to do to fix the problems with their complaint. Plaintiffs failed to comply with these orders and it was therefore proper for the court to dismiss their entire complaint without further leave to amend.

**[14]** Finally, plaintiffs argue that sanctioning them by dismissing the second amended complaint without leave to amend was not within the district court's authority. They misread the court's order dismissing the second amended complaint as imposing a dismissal sanction under 28 U.S.C. § 1927, which only authorizes *monetary* sanctions. It's true that defendants moved for monetary sanctions, both pursuant to 28 U.S.C. § 1927 and the court's inherent power. But the court declined to grant a monetary award to plaintiffs because it didn't have a "specific request for monetary sanctions before it." Instead, the court acted well within its inherent power to control its docket by dismissing the complaint with prejudice, finding this to be "sanction" enough. *See Thompson* v. *Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam); *see also Transamerica Corp.* v. *Transamerica Bancgrowth Corp.*, 627 F.2d 963, 966 (9th Cir. 1980). This dismissal can hardly be called a sanction anyway, since plaintiffs had no right to any further amendment. *See Zucco Partners*, 552 F.3d at 1007 ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

**AFFIRMED.**