MURGUIA, Circuit Judge,
dissenting in part:
I agree with my colleagues, save for one point: I disagree with their decision to remand this case to the district court to consider anew whether the mortgagors may add a claim for negligence to their pleadings. While I agree with the majority that such a claim might not be futile, I would nevertheless affirm the district court on the basis that the mortgagors, afforded several opportunities to plead their claim properly, have failed to do so repeatedly.[1] See Destfino v. Reiswig, 630 F.3d 952, 958-59 (9th Cir.2011) (“Plaintiffs had three bites at the apple, and the court acted well within its discretion in disallowing a fourth.”); see generally Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir.2013) (observing that we may uphold the district court’s ruling on any basis supported by the record). I therefore dissent, respectfully, from the portion of the ruling remanding this case to the district court on the question of the mortgagors’ leave to amend.

. My disagreement with the majority should not be read as a comment on the viability of a properly pled negligence claim in this case. It should, however, be read as an expression of my concern that the mortgagors will not plead the claim properly. My fear, confirmed by counsel’s mea culpa at argument, is that the mortgagors’ counsel is ill-equipped to deal with a putative class action the size and scope of the one pled here. Nevertheless, the majority has given the mortgagors another opportunity to proceed with their case. I therefore recommend, consistently with the California Rules of Professional Conduct, that if their counsel is not prepared to handle a case of this magnitude, she associate with a lawyer, or lawyers, who can.