NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOUIS BRANCH, | No.  20-15185 |
| Plaintiff-Appellant, | D.C. No. 1:08-cv-01655-AWI-SAB |
| v. | |
| D. UMPHENOUR, Building 250 Officer, Avenal Prison; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| N. GRANNIS, Chief, Inmate Appeals Branch, Sacramento; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted February 10, 2021
San Francisco, California

Before:  CHRISTEN and BADE, Circuit Judges, and FEINERMAN,** District
Judge.

---

 *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 **  The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

Louis Branch appeals the denial of his motion to withdraw consent to magistrate judge jurisdiction and dismissal with prejudice of his Third Amended Complaint (TAC). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for additional proceedings.[1]

1.      Branch argues that the magistrate judge who presided over his trial lacked subject-matter jurisdiction because Branch filed his magistrate judge consent form seven years before Defendants filed their form. He argues that the Federal Magistrates Act (FMA) requires the parties' contemporaneous consent. *See* 28 U.S.C. § 636(c)(2). We review de novo, *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019) ("*Branch I*"), and we reject this argument. Nothing in the text of the FMA requires that all parties consent "contemporaneously," as Branch argues. Moreover, Branch points to no authority to support his assertions that 28 U.S.C. § 636(c)(2)'s reference to "the parties' consent" implies "contemporaneity" based on the concept of "joint ownership," that we should apply "contract principles" to the FMA's consent procedures, or that a contemporaneous consent requirement is necessary to avoid constitutional

---

[1] The parties are familiar with the factual and procedural background of this matter. Therefore, we recite only those facts necessary for this disposition.

concerns or to protect pro se litigants.[2]

2.     Branch also argues that the district court abused its discretion by denying his motion to withdraw consent. He asserts that the district court should have sua sponte considered several "obvious factors" such as his "pro se status, the existence of an issue of first impression involving the magistrate judge's jurisdiction, the lack of prejudice to Defendants, and the failure of the local rules to comply with the [FMA]" when evaluating his withdrawal motion. However, Branch failed to raise any of these arguments in his withdrawal motion, and while a court should apply certain procedures leniently when dealing with pro se litigants, *see, e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987), Branch cites no authority requiring a district court to sua sponte consider arguments that a pro se litigant entirely fails to raise in his motion.[3] Moreover, considering the arguments Branch did raise in his withdrawal motion—in essence,

---

[2] Defendants also argue that Branch "acknowledged, in his prior appeal, that the parties' consents vested the magistrate judge with jurisdiction," and they request judicial notice of a portion of Branch's earlier briefing, in a previous appeal, which mentions that the magistrate judge was "vested with the consent of the parties." Dkt. 14. Branch's offhand statement in this brief does not resolve the issue before us now, and we deny Defendants' motion for judicial notice.

[3] Branch also argues that the district court should have considered these factors "given the extensive discussion of them during the previous appeal." But nothing in the *Branch I* opinion would have alerted the district court to any obligation to consider factors beyond those Branch briefed in his motion. *See Branch I*, 936 F.3d at 1004.

that the magistrate judges made legal and factual errors and exhibited bias by accepting Defendants' allegedly erroneous legal arguments—the district court did not abuse its discretion in determining that Branch failed to clear the "high bar," *Branch I*, 936 F.3d at 1004 (quoting *Savoca v. United States*, 199 F. Supp. 3d 716, 721 (S.D.N.Y. 2016)), of demonstrating "good cause" or "extraordinary circumstances" to justify granting his withdrawal motion, *id.* (quoting 28 U.S.C. § 636(c)(4)).

3.    Branch also argues that the district court erred by dismissing several of his claims for failure to state a claim. We review de novo, *Disability Rts. Mont., Inc. v. Batista*, 930 F.3d 1090, 1096 (9th Cir. 2019), and we find no error.

The district court correctly dismissed Branch's First Amendment retaliation claim against Umphenour because his statement that his property was "sabotaged," gives no details about the nature of the adverse action. Thus, there is no way to determine whether the damage was sufficiently serious to "chill or silence a person of ordinary firmness from future First Amendment activities" or cause him to "suffer[] some other harm that [was] more than minimal," as Branch would have to show to prevail on a retaliation claim. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (internal quotation marks and citations omitted). These "[v]ague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)

(citations omitted).[4]

The district court correctly held that Branch failed to state claims against Szalai and Alvarez for retaliation because he failed to allege that they were aware of any protected First Amendment activity or that they acted because of such activity. *Watison*, 668 F.3d at 1114. The only language in Branch's TAC that addressed these elements of a retaliation claim was his statement that "Szalai and Alvarez's deliberate indifference to plaintiff's attempted murder was consonant with a policy and custom of retaliation for plaintiff's exercise of his Fourteenth Amendment right to petition for redress." An allegation that their behavior was "consistent with" retaliation, offering no facts that "tend to exclude a plausible and innocuous alternative explanation," is insufficient to overcome dismissal. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998 (9th Cir. 2014). Furthermore, although Branch alleged that *other* officers knew he had engaged in protected activity, he offers no authority for imputing these other officers' knowledge to Szalai and Alvarez.

The district court also correctly held that Branch failed to state claims

---

[4] Branch's citations to *Rhodes v. Robinson*, 408 F.3d 559, 568–69 (9th Cir. 2005), and *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1025 (9th Cir. 2012), are inapposite because in both those cases, the plaintiffs described the alleged property destruction in much greater detail than Branch did in his TAC.

5

against Mendoza-Powers and Mancinas for retaliation.[5] The TAC does not allege that either defendant was personally involved in Branch's transfers between facilities, and therefore, it does not support a plausible inference that they acted in retaliation for Branch's protected First Amendment activities. *See Eclectic Props. E., LLC*, 751 F.3d at 1000.

4. Finally, Branch argues that the district court abused its discretion when, on remand from a prior appeal in this case, it sua sponte dismissed the TAC with prejudice for failure to state a claim without giving Branch notice or an opportunity to respond. We review a district court's decision to dismiss with prejudice for abuse of discretion. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009).

The district court did not abuse its discretion by evaluating Branch's TAC sua sponte without giving him notice or an opportunity to respond. The Prison Litigation Reform Act (PLRA) provides that a district court should evaluate a prisoner's complaint "as soon as practicable"—even "before docketing, if feasible"—and to "dismiss the complaint, or any portion of the complaint," if it fails to state a claim. 28 U.S.C. § 1915A(a)–(b). Branch argues that the PLRA's

---

[5] Because our conclusion that Branch failed to allege these defendants' personal involvement is sufficient to affirm the dismissal, we do not reach the district court's alternative holding that Branch failed to plead that "intra-facility transfers . . . constituted 'adverse action.'"

6

screening procedures are irrelevant because "the district court did not 'screen' [his] complaint," but instead cited and relied on Federal Rule of Civil Procedure 12(b)(6). Regardless of whether the district court explicitly invoked § 1915A, Branch's complaint was subject to that statute's provisions, and those provisions required the district court to screen his complaint.

The district court did, however, abuse its discretion by dismissing Branch's complaint with prejudice based solely on the lengthy screening process before magistrate judges, during which the "problems identified by the various [m]agistrate [j]udges had not been corrected" despite Branch's repeated amendments. Although a court may dismiss with prejudice when a plaintiff has "failed to plead properly after repeated opportunities," *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (internal quotation marks and citation omitted), the previous screening activity in this case took place before magistrate judges who lacked jurisdiction to dismiss Branch's complaints, and is therefore "a nullity," *Branch I*, 936 F.3d at 1000 (citation omitted). Moreover, insofar as the magistrate judges' analyses were inconsistent with each other, it is doubtful that they reliably gave Branch "notice of the deficiencies in his complaint in order to ensure that [he] use[d] the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). Therefore, we reverse the district court's dismissal with prejudice and remand with instructions to permit Branch to amend

7

his complaint.

The parties will bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**