**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY COX,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>NEWREZ LLC; et al.,<br><br>               Defendants-Appellees. | No. 20-17264<br><br>D.C. No. 3:20-cv-04418-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Kimberly Cox appeals from the district court's judgment dismissing her action alleging claims regarding a home loan and denying her motion to remand to state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo issues of subject matter jurisdiction and denials of motions to remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998). We affirm.

The district court properly denied Cox's motion to remand because the district court had subject matter jurisdiction under 28 U.S.C. § 1331, and the action was properly removed under 28 U.S.C. § 1441. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction under § 1331, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" (citation and internal quotation marks omitted)); *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003) ("[T]he artful pleading doctrine allows federal courts to retain jurisdiction over state law claims . . . when . . . the right to relief depends on the resolution of a substantial, disputed federal question." (citations omitted)); *see also Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (explaining that consent to removal is not required from defendants who were not properly served).

The district court did not abuse its discretion by denying Cox's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because Cox failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e)).

We reject as meritless Cox's contention that the district court lacked jurisdiction to rule on the motion to dismiss because it did not first explicitly deny

the motion to remand.

Cox's motion to strike (Docket Entry No. 32) and motion for judicial notice (Docket Entry No. 33) are denied.

Cox's request to file supplemental briefs, set forth in the opening brief, is denied.

**AFFIRMED.**