NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

A. H., a minor by and through her Guardian
Ad Litem Sandra Guzman; SANDRA
GUZMAN, individually,

        Plaintiffs-Appellees,

v.

AHMAD KHALIFA, M.D.;
BORZOUYEH POURSHARIF, M.D.;
EISNER PEDIATRIC & FAMILY
MEDICAL CENTER, DBA Eisners Health
Los Angeles Womens Center,

        Defendants-Appellants,

FARNAAZ KIA, M.D.; DIGNITY
HEALTH, Erroneously sued as California
Hospital Medical Center,

        Defendants-Appellees,

 and

DOES, 1 to 100,

        Defendant,

No.   22-56061

D.C. No.
2:22-cv-07148-DSF-PVC

AMENDED
MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

v.

UNITED STATES OF AMERICA,

Movant-Appellee.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted November 14, 2023
Pasadena, California

Before: PARKER,[**] BYBEE, and DESAI, Circuit Judges.
Partial Dissent by Judge DESAI.

In this appeal, we must determine whether Defendants-Appellants Dr. Ahmad Khalifa, Dr. Borzouyeh Poursharif, and Eisner Pediatric and Family Medical Services ("Eisner") properly removed Plaintiffs-Appellees A.H. and Sandra Guzman's medical malpractice suit to federal court. This inquiry requires us to determine how two removal statutes—28 U.S.C. § 1442 and 42 U.S.C. § 233— interact. Our concurrently-filed opinion in *Blumberger v. Tilley*, No. 22-56032 (9th Cir. Sept. 9, 2024), considers a case presenting nearly identical facts, so both the reasoning and outcome of that decision guide ours here. We assume familiarity with

---

[**]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

2

both the facts and the statutory background of this case. Consistent with *Blumberger*, we vacate the district court's order remanding the case to state court, and we remand for further proceedings consistent with § 233.

1. First, we conclude that the district court's analysis of the timeliness of Drs. Khalifa and Poursharif's § 1442 removal proceeded under the wrong legal standard, and we remand on that basis. For the reasons we explain in the concurrently-filed opinion, the district court's analysis of federal-officer removal should have proceeded under § 1446(b)(3) rather than § 1446(b)(1). *Blumberger*, slip op. at 15–20. In particular, Plaintiffs-Appellees have not pointed to any facts in the record that would suggest that the doctors were aware of Eisner's deemed status before the complaint was filed, and the complaint itself contains no information that would have put the doctors on notice of their deemed status. In fact, Plaintiffs-Appellees' complaint alleged that Drs. Khalifa and Poursharif performed labor and delivery services at California Hospital Medical Center, which, unlike Eisner, was not "deemed" an employee of the PHS. On these bare facts, it was not apparent from the face of the complaint that the doctors could have removed the case to federal court.[1] *See Blumberger*, slip op. at 17–18; 28 U.S.C. § 1446(b)(1). We remand to

---

[1] That Eisner itself was also sued does not change the analysis with respect to the doctor defendants. The removal clock is personal to each defendant. *See Destfino*

3

the district court to determine when the doctors' 30 days under § 1446(b)(3) began to run based on receipt of the deeming notice, consistent with our decision in *Blumberger* and our precedents on 1446(b)(3). *Blumberger*, slip op. at 20.

Conversely, Eisner's § 1442 removal was untimely. As a federally-funded medical center, Eisner had been party to the deeming process with HHS, so it was on notice from the filing of the complaint that it could have asserted federal officer removal under § 1442 based on its relationship with HHS. *See* 28 U.S.C. § 1446(b)(1).

2. Even if, assuming *arguendo*, Defendants-Appellees' § 1442 removal was untimely under § 1446(b)(3), we nevertheless may review the remainder of the district court's order because the case was removed "pursuant to section 1442." *Blumberger*, slip op. at 22; 28 U.S.C. § 1447(d).

3. We reverse the district court's conclusion that the Attorney General's October 4, 2021, notice to the state court that Drs. Khalifa and Poursharif's deeming statuses were "under consideration" satisfied the advice requirement of § 233(*l*)(1). "[S]ubsection (*l*)(1) requires the Attorney General to provide positive advice to the

---

*v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011) ("[E]ach defendant has thirty days to remove after being brought into the case."). Whether Eisner knew of its own deemed status has little bearing on whether the doctors' 30 days began to run when the complaint was filed.

state court when the employee was deemed for the time period at issue and the lawsuit arises out of a class or category of medical conduct for which the employee was deemed." *Blumberger*, slip op. at 27. Eisner Pediatric and Family Medical Services and its employees—including Drs. Khalifa and Poursharif—were deemed employees of the PHS by HHS for the 2020 calendar year, which covered Eisner's employees "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions." Plaintiffs-Appellees' complaint states that their causes of action arose out of conduct that was medical or surgical in nature during 2020. At its October 4, 2021, appearance, the Attorney General needed only to confirm that Defendants-Appellants had been deemed and that the lawsuit arose out of a category of covered services.

Instead, the Attorney General notified the state court that Defendants-Appellants' deeming status was "under consideration." Nearly one year later, the Attorney General amended its notice, advising the state court that Drs. Khalifa and Poursharif "are *not* deemed to be employees of the Public Health Service . . . with respect to the actions or omissions that are the subject of the above captioned action."

For the reasons explained in our concurrently-filed *Blumberger* opinion, the Attorney General therefore did not give the state court timely notice of the Secretary's decision, as required by § 233(*l*)(1). "Had it done so, the Attorney

5

General would have been obligated to remove the case to federal court." *Blumberger*, slip op. at 43. Of course, this would not have precluded the Attorney General from arguing at a subsequent hearing in district court that the doctors were not acting within the scope of their fictive PHS employment, and indeed the Attorney General is still not precluded from making such argument. He may still seek remand on that basis. *See id.* (citing 42 U.S.C. § 233(c)). But Defendants-Appellants are "entitled to a hearing in a federal court to determine [their] status." *Id.*

4. Lastly, the Attorney General was obligated to remove the case with respect to Eisner itself. As discussed, the Attorney General was required to advise the state court that Eisner had been "deemed" a PHS employee with respect to the acts or omissions giving rise to the suit within fifteen days upon receiving notice. *Id.* at 40-43. Eisner was "deemed" for the relevant time period, and the lawsuit arises out of the provision of a class of care for which Eisner was covered. Furthermore, even if the Attorney General need not have provided the state court with a definitive answer in its first appearance in state court, it was obligated to remove after it provided its amended notice of Eisner's "deemed" status on September 1, 2022. 42 U.S.C. § 233; *see Blumberger*, slip op. at 42. Although we do not read into the statute a specific time limitation within which the government must remove the case, the government

6

has not provided any reasonable justification for its failure to remove the case to federal court.

Instead, Plaintiffs-Appellees, "[b]ased on the Government's representation," prepared a stipulation to dismiss the claims against Eisner for prenatal care "to expedite" the case and avoid removal to federal court. However, neither Eisner nor the district court judge signed the stipulation, and the issue was not addressed in the district court's order granting the motion to remand the case to state court. Plaintiffs-Appellees contend in their briefing that "for all practical purposes the only live claims in this case are based on the labor and delivery at California Hospital." But they have not moved to dismiss Eisner or their claims against it, *see* Cal. Civ. Code § 581(c), and Eisner remains a named defendant in the state court proceedings, *see A.H. v. Khalifa*, No. 21-ST-CV-05325 (Cal. Super. Ct. filed Feb. 9, 2021). Indeed, it is unclear whether Plaintiffs-Appellees would still desire to dismiss their claims against Eisner upon remand. Thus, we vacate the district court's order as to Eisner.

\* \* \*

In sum, the government was obligated to remove the case to federal court in accordance with § 233(*l*)(1) and (c). We therefore vacate the district court's remand order, and we remand the case to the district court for further proceedings consistent

7

with § 233 and our opinion in *Blumberger*.  *See Blumberger*, slip op. at 54.  Each

party shall bear its own costs.

**REVERSED in part, VACATED in part, and REMANDED.**



*A.H. v. Khalifa*, No. 22-56061

DESAI, Circuit Judge, dissenting in part:

I respectfully dissent from Sections 3 and 4 of the majority's disposition addressing removal under 42 U.S.C. § 233. I would hold that Dr. Khalifa, Dr. Poursharif, and Eisner improperly removed the case under 42 U.S.C. § 233(*l*)(2). A state court defendant can remove a case under § 233(*l*)(2) only if the Attorney General "fails to appear" in state court "within the time period prescribed" in § 233(*l*)(1). That did not happen here. The Attorney General appeared in state court within the time period prescribed in § 233(*l*)(1) and advised the state court that whether the defendants were "deemed" PHS employees "with respect to the actions or omissions that are the subject of the above captioned action" was "under consideration." As explained in my dissent in *Blumberger v. Tilley*, No. 22-56032 (9th Cir. September 9, 2024), slip op. at 56–59 (Desai, J., dissenting), the Attorney General did not "fail to appear," and the defendants' removal was improper.[1] I thus

---

[1]   I agree with my colleagues that the Attorney General later became obligated to remove the case on behalf of Eisner when the Attorney General filed an amended notice confirming Eisner's deemed status "to the extent that the action is brought for prenatal care provided by Eisner . . . prior to hospital admission." It is unclear on this record whether there are any pending claims against Eisner. The plaintiffs previously submitted a proposed stipulation to dismiss the claims against Eisner for prenatal care, but Eisner did not agree to that stipulation. If there are pending claims against Eisner that have not been formally dismissed in state court, the Attorney General must remove the case on behalf of Eisner. 42 U.S.C. § 233(*l*)(1), (c).

1

dissent from the portion of the majority's decision vacating the district court's remand order under 42 U.S.C. § 233.